[No. 15013. In Bank. — June 29, 1892.]

M. C. THEILMAN, PETITIONER, v. SUPERIOR COURT OF ALAMEDA COUNTY, AND W. E. GREEN, JUDGE, RESPONDENTS.

DIVORCE — DISMISSAL — ATTORNEY AND CLIENT — MANDAMUS — REMEDY AT LAW — SUBSTITUTION OF ATTORNEYS — CONDONATION. — It seems that the attorneys for the plaintiff in a divorce suit are not entitled to insist that the cause be retained until their fees are paid, against the expressed wish of their client to dismiss the action; but *mandamus* to the court is not the proper remedy to compel such dismissal, the plaintiff having an adequate remedy to secure the dismissal, if desired, by a substitution of attorneys; and as the affidavit and prayer for dismissal filed in the action by the plaintiff constitute a condonation by which the defendant can at any time defeat the action, the defendant is not entitled to a writ of mandate to compel the dismissal.

APPLICATION to the Supreme Court for a writ of mandate. The facts are stated in the opinion of the court.

*T. C. Van Ness,* and *L. A. Redman,* for Petitioner.

*Dodge & Fry,* for Respondents.

McFARLAND, J. — This is an original petition in this court for a writ of mandate to compel the respondents to dismiss a certain action pending before them, entitled Theilman *v.* Theilman.

L. D. Theilman, through her attorneys, Dodge & Fry, commenced an action in the court of respondents, against her husband, M. C. Theilman, to obtain a divorce. A demurrer was interposed to the complaint, and over-ruled. Defendant then filed an answer, and the action is now pending and undetermined. The plaintiff, on March 8, 1882, made an affidavit that she did not desire to further prosecute the action, and prayed the court to dismiss it. Thereupon the defendant, M. C. Theilman (petitioner herein), upon notice to plaintiff's attorneys, moved the court to dismiss the action. At the hearing of the motion plaintiff's attorneys filed a written objection to the dismissal, which was based entirely upon the fact that plaintiff owed them a certain sum of money as attorneys' fee in the case, and in which they consented to the dismissal upon condition that said sum should be paid them. The objection was accompanied by the affidavit of one of plaintiff's said attorneys, show-ing the amount due them from plaintiff for legal services in the case.

The court denied the motion. In the order denying it the court recites the fact that counsel for defendant were asked if they would pay said attorneys' fee, and de-clined to do so, and that plaintiff's declined to consent to the dismissal unless their fee was paid, and contended that the action could not be dismissed without their con-sent while they remained attorneys of record; and the order declared that the motion was denied, "on the ground that Messrs. Dodge & Fry, being attorneys of record for plaintiff, had the absolute right to control the action in her behalf." Thereupon the defendant (petitioner herein) commenced this proceeding to compel the re-spondents herein to dismiss said action.

It is not necessary to determine whether the respond-ent erred in refusing to dismiss the action. From the

briefs we learn that the refusal to dismiss was based upon the authority of *San José* v. *Younger,* 29 Cal. 147; 87 Am. Dec. 164. It may be remarked that the facts in that case were very different from the facts in this case. There it appears that the plaintiffs had authorized the dismissal of the action, "under a misapprehension as to its true condition, and that they would not have done so had they been fully advised." The attorneys for plaintiff in that case refused to consent to the dismissal, in order to protect the interest of their clients. They objected *on behalf* of their clients; and the court held that a client should have the benefit of the judgment and advice of his counsel, and that the control of a case by counsel was a "safegard to the client against the intrigues of his adversary." But in *Theilman* v. *Theilman,* it expressly appeared that counsel for plaintiff did not object to the dismissal "on behalf of" their client; they admitted that the dismissal was proper, and objected only on account of their fee, and were willing to consent if their fee was paid. Under these circumstances, it may be considered doubtful if *San José* v. *Younger,* 29 Cal. 147, 87 Am. Dec. 164, applies, — particularly as the case was for a divorce. However, it is clear, we think, that *mandamus* will not lie. The plaintiff in *Theilman* v. *Theilman,* if she still wishes to dismiss the action, has an adequate remedy in a substitution of attorneys; and her affidavit and prayer for a dismissal constitute a condonation by which the defendant (petitioner herein) can at any time defeat the action.

The prayer of the petitioner is denied and the proceeding dismissed.

DE HAVEN, J., GAROUTTE, J., and HARRISON, J., concurred.

Rehearing denied.