[L. A. No. 27128. In Bank. May 21, 1963.]

SHARON KATHRYN MEADOW et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; BEILENSON, MEYER, ROSENFELD & SUSMAN, Real Party in Interest.

N. E. Youngblood, Schwartz & Sandler and Merle Sandler for Petitioners.

No appearance for Respondent.

Beilenson, Meyer, Rosenfeld & Susman and Peter R. Cohen for Real Party in Interest.

SCHAUER, J.—Petitioners husband and wife seek through mandamus and prohibition to compel respondent Los Angeles Superior Court to grant petitioner wife's motion for substitution of attorneys in a divorce suit brought by her against petitioner husband and to thereafter dismiss such suit, and also to restrain that court from any further action in connection with the divorce other than as above stated. The law firm of Beilenson, Meyer, Rosenfeld & Susman (hereinafter referred to as BMR&S), are the attorneys of record for the wife in the divorce suit. They have appeared as real parties in interest in opposition to granting the relief sought, and have filed a return, demurrer and answer to the petition for the writs. For reasons hereinafter stated we have concluded that respondent court acted in excess of its jurisdiction in, among other things, permitting BMR&S to intervene in the divorce suit in an attempt to secure payment of attorneys' fees and costs and in ordering petitioner husband to answer the complaint in intervention. Accordingly, the peremptory writ of mandamus should issue as sought by the petitioning husband and wife.

The record shows that in January 1962 the complaint for divorce was filed by petitioner wife (hereinafter called Sharon) who was then represented by BMR&S. On the same date an order to show cause *re* custody and support of minor children, alimony pendente lite, attorneys' fees and costs was filed. Petitioner husband (hereinafter called Saul) answered the divorce complaint and also cross-complained. Sharon answered the cross-complaint and issue was joined on the pleadings.

After a hearing on the order to show cause the court, on July 24, 1962, entered an order which was amended *nunc pro tunc* on July 25 (hereinafter called the July 24 order). That order provided in pertinent part that defendant Saul was to pay to BMR&S ''as attorney fees for plaintiff [Sharon] the sum of $7,500 payable $2,000 by August 10, 1962 and $1,000 on the 10th of each month beginning September 10,

1962 and continuing til [*sic*] paid. It Is Further Ordered that defendant shall pay to plaintiff's counsel the sum of $4,000 Court costs, payable $1,000 of [*sic*] August 15, 1962 and $1,000 on the 15th of each month thereafter until paid.

"To protect the plaintiff as to the payment of these sums, the plaintiff shall be given a lien on the corporate property . . . and the furniture. . . ."

Numerous motions were thereafter noticed by both parties. Hearing on these matters, not pertinent to the issues here involved, was continued to January 16, 1963.

On September 11, 1962, notice of appeal from the July 24 order was filed by Saul; the appeal is still pending. Notice designating additional papers and records to be included in the clerk's transcript on appeal was filed by Sharon through her attorneys BMR&S.

On or about October 17, 1962, Sharon and Saul orally agreed upon the terms of a property settlement agreement. This agreement, which provided among other things that Saul would negotiate with BMR&S to determine the fees and costs to be paid to BMR&S and that Saul's liability therefor would not exceed $7,500 for fees and $4,000 for costs, was reduced to writing and submitted to BMR&S for their signature. They advised Sharon to reject the proposed property settlement on the ground that it was unfair to her and that the arrangement for payment of their fees was unsatisfactory. According to the return of BMR&S Sharon "stated she was too weary to continue litigating and would take anything Saul offered." BMR&S allege further that they refused to sign the proposed property settlement agreement, that they advised Sharon not to sign it, and that she "wrongfully discharged" them.

Immediately thereafter Sharon employed the firm of Schwartz & Sandler. BMR&S "admits that Schwartz and Sandler approved and signed said settlement purporting to act on her behalf" but BMR&S refused to sign a consent to a substitution of attorneys and on October 29 filed a notice of motion for award of additional attorneys' fees in the sum of $13,000 and for further relief; this motion was scheduled for hearing on November 2. On October 30 notice of motion for substitution of counsel was filed by Schwartz & Sandler on behalf of Sharon; this motion was likewise scheduled for hearing on November 2.

Saul and Sharon allege that on October 31 they became reconciled and resumed cohabitation as husband and wife. Ac-

cordingly, they instructed their respective counsel to dismiss the divorce suit. BMR&S deny the allegations of reconciliation and cohabitation, and in turn allege that Saul and Sharon are living separate and apart, and that Saul is paying alimony and child support to Sharon.

On November 1 respondent court granted ex parte the motion of BMR&S for leave to file a complaint in intervention in the divorce suit. The complaint seeks to recover the fees and costs ordered to be paid by the July 24 order, plus any fees and costs which might be ordered paid after hearing on the October 29 motion for additional fees and costs.

On November 2 BMR&S' motion for additional attorneys' fees was continued at Saul's request to November 9, and Sharon's motion for substitution of counsel was continued on the court's own motion to the same date.

On November 7 Saul and Sharon filed a joint request for dismissal of the divorce suit, signed by the attorney of record for Saul and by Schwartz & Sandler for Sharon. Respondent court denied the request.

On November 9, when the motions continued to that date came on for hearing, the court, acting on Saul's written noticed motion, continued the motions for substitution of counsel and for award of additional attorneys' fees and costs, to November 21. On the same day Schwartz & Sandler served a motion, noticed for November 16, to strike the complaint in intervention. The court, on November 16, denied this motion, and also denied an oral motion for Schwartz & Sandler to advance the motion for substitution of attorneys from November 21 to November 16. Schwartz & Sandler thereupon orally moved for substitution of attorneys but the court denied the relief sought for the stated reason that a motion for the same relief was already calendared for hearing on November 21. The court indicated that when these matters came on for hearing the motion for additional attorneys' fees and costs would be heard first and that the motion for substitution of counsel would then be granted forthwith.

On November 20 Sharon and Saul petitioned the district court of appeal for prohibition and mandate. On November 29 that court denied the petition, and petitioners sought a hearing in this court, informing us that early in December respondent court had ordered petitioner Saul to answer the complaint in intervention by January 7, 1963. On January 4 by order of this court the alternative writ of prohibition is-

sued restraining respondent court from further proceedings pending determination of the issues presented.

In addition to matters set forth hereinabove, BMR&S allege as a special defense to the petition that not only have Saul and Sharon not reconciled, but to the contrary they and their counsel have "planned and conspired . . . to defraud and prevent . . . [BMR&S] from collecting any attorneys fees or costs at all from . . . Saul . . . or Sharon . . . knowing full well that . . . Sharon . . . does not have sufficient assets with which to pay" attorneys' fees or costs.

Section 387 of the Code of Civil Procedure provides in relevant part that "At any time before trial, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding." ■ However, "The right of an attorney to intervene for the purpose of settling a dispute between him and his client as to attorney's fees for services rendered in the same action is limited to those actions wherein, by virtue of the contract of employment between the attorney and client, the former is given a specific present interest in the subject matter of the action, which interest might be jeopardized by the client's discharge of his original attorney and the employment of another to prosecute the action. [Citations.]" (*Marshank* v. *Superior Court* (1960) 180 Cal.App.2d 602, 605 [6] [4 Cal.Rptr. 593]; see also *Kelly* v. *Smith* (1928) 204 Cal. 496, 500 [4] [268 P. 1057]; *Hendricks* v. *Superior Court* (1961) 197 Cal.App.2d 586, 589 [4] [17 Cal.Rptr. 364].)

■ The wife's attorney in a divorce action has no such interest in the matter in litigation, or in the success of either of the parties, or an interest against both, as would entitle him to intervene in the action or proceeding. (*Schwartz* v. *Schwartz* (1953) 119 Cal.App.2d 102, 104-105 [3, 4] [259 P.2d 33].) ■ Further, " 'The attorney's right to the amount allowed for counsel fees for his services rendered to a wife is no more proprietary and direct by virtue of section 137.5 of the Civil Code than before its enactment. That section provides that when attorney's fees are allowed they may, in the discretion of the court, be made payable in whole or in part to the attorney. Notwithstanding the fees may be made payable to the attorney, they are granted to the wife for her benefit and are not awarded to her attorney. . . . A wife's attorney has no separate equity in counsel

fees awarded to her. His right thereto is derived from his client.' " (*Marshank* v. *Superior Court* (1960), *supra*, 180 Cal.App.2d 602, 606 [7a], quoting from *Weil* v. *Superior Court* (1950) 97 Cal.App.2d 373, 376 [2] [217 P.2d 975]; see also *Telander* v. *Telander* (1943) 60 Cal.App.2d 207, 210 [2] [140 P.2d 204]; *Henry* v. *Henry* (1960) 182 Cal.App.2d 707, 711 [2] [6 Cal.Rptr. 418].) ■ And "it is only the party who has the right to apply for an award of attorney's fees and section 137.3 and 137.5 [of the Civil Code] do not give the attorney for a party, either before or after any discharge of his services by his client, the right to make a motion in his own behalf for an award of such fees . . . and the trial court is without jurisdiction to . . . proceed with such motion or to make any award thereunder." (*Marshank* v. *Superior Court* (1960), *supra*, pp. 607-608 [9, 10].)

With respect to the substitution of attorneys sought by petitioner wife, section 284 of the Code of Civil Procedure provides, so far as here material, that "The attorney in an action or special proceeding may be changed at any time before or after judgment or final determination, as follows: . . . 2. Upon the order of the court, upon the application of either *client* or *attorney*, after notice from one to the other. . . ." (Italics added.) ■ As declared in *O'Connell* v. *Superior Court* (1935) 2 Cal.2d 418, 421 [1, 2] [41 P.2d 334, 97 A.L.R. 918], "By virtue of this code section, it is now settled in this state that in the absence of any relation of the attorney to the subject matter of the action, other than that arising from his employment, the client has the absolute right to change his attorney at any stage in the action and the fact that the attorney has rendered valuable services under his employment, or that the client is indebted to him therefor, or for moneys advanced in the prosecution or defense of the action, does not deprive the client of this right. [Citation.] In the event his discharge is improper or without just cause, adequate remedies are available to the attorney by which he may seek reimbursement for such services and outlays on behalf of the client. [Citation.]" (See also *Wright* v. *Security-First Nat. Bank* (1939) 13 Cal.2d 139, 141-142 [2] [88 P.2d 125].)

■ In this connection it has been said that "Compensation must be sought in an independent action by the attorney against the client, and not by application to the court in which the litigation is pending." (*Hendricks* v. *Superior Court* (1961), *supra*, 197 Cal.App.2d 586, 589 [4].) ■ Fur-

thermore, it is immaterial that the client seeks a substitution of attorneys for the purpose of dismissing the action to the alleged detriment of original counsel. (*O'Connell* v. *Superior Court* (1935), *supra*, 2 Cal.2d 418, 425 [5]; *Echlin* v. *Superior Court* (1939) 13 Cal.2d 368, 372 [2] [90 P.2d 63, 124 A.L.R. 719].) The right of the wife's attorney in counsel fees awarded to her is not such as to entitle him to prevent a substitution of attorneys, any more than it permits him to intervene in the divorce suit. (*Telander* v. *Telander* (1943), *supra*, 60 Cal.App.2d 207, 209-210 [1, 2].) Mandamus will issue to compel the lower court to make the substitution without determination of the compensation to which the attorney may be entitled (*Echlin* v. *Superior Court* (1939), *supra*, 13 Cal.2d 368, 376; *O'Connell* v. *Superior Court* (1935), *supra*, 2 Cal.2d 418, 425), and prohibition may issue to restrain that court from further proceeding on a motion by the attorney as distinguished from a party, for an award of attorney fees. (See *Marshank* v. *Superior Court* (1960), *supra*, 180 Cal.App.2d 602, 608.)

The demurrer is overruled. Let the peremptory writ of mandamus issue ordering (1) that petitioner Sharon's motion for substitution of attorneys be granted, and (2) that the motion of BMR&S for additional attorneys' fees be denied and their complaint in intervention stricken. Petitioners Sharon and Saul may thereafter, acting through their attorneys of record (see *Theilman* v. *Superior Court* (1892) 95 Cal. 224 [30 P. 193]), seek dismissal of the divorce suit if they be so advised. Under the circumstances the writ of prohibition becomes unnecessary.

Gibson, C. J., Traynor, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.

The petition of the real party in interest for a rehearing was denied June 19, 1963.