[Civ. No. 26952.   Second Dist., Div. Four.   Aug. 6, 1963.]

ROSALIA B. DAVIS, Plaintiff and Respondent, v. JAMES F. DAVIS, Defendant and Appellant.

McGrew Willis for Defendant and Appellant.

Olson & Markey and Christian E. Markey, Jr., for Plaintiff and Respondent.

JEFFERSON, J.—On March 7, 1962, plaintiff wife Rosalia B. Davis filed an action for divorce against defendant husband James F. Davis. The record contains a verified complaint which, among other things, made a specific request for attorney's fees and costs. Pursuant to a declaration signed by the wife, an order to show cause *in re* attorney's fees, court costs, alimony pendente lite and restraining orders was issued and set for hearing on March 14, 1962. On March 14, 1962, the hearing was placed off calendar, apparently because of a reconciliation of the parties.

On May 14, 1962, Christian E. Markey, Jr., counsel for the wife, filed a declaration in his own behalf.[1] An order to show cause *in re* attorney's fees and court costs was issued and served upon the husband requiring him to appear on June 4, 1962, and show cause why he should not pay attorney's fees and court costs; the matter was argued before the court on June 4, 1962. Counsel for defendant appeared specially only for the purpose of objecting to the hearing of the order to show cause on the grounds that plaintiff's attorney was not a party to the action and had no standing to make application for any order to show cause and that the court had no jurisdiction to make any order thereon. The court ruled that it did have jurisdiction to proceed and thereafter made an order requiring defendant to pay to plaintiff's attorney the sum of two hundred dollars ($200) attorney fees, $24.70 costs, plus an additional attorney's fee of $50 for the appearance at the order to show cause, making a total of $250 attorney's fees and $24.70 costs, payable on or before July 1, 1962.

Thereafter, on June 27, 1962, counsel for defendant filed a

---

[1]"I, CHRISTIAN E. MARKEY, JR., Attorney at Law, state:

That the declarant is a duly licensed and practicing attorney and counsel at law in the State of California, authorized to appear in all courts in this jurisdiction;

That upon information and belief, declarant states that the defendant herein is a practicing attorney at law and has gross earnings in excess of Twelve Thousand Dollars ($12,000.00) yearly and that

motion to vacate that portion of the order made June 4, 1962, determining the amount of attorney's fees and costs, thereby limiting the order to a determination that the court had jurisdiction, in order that he might obtain relief by writ of prohibition instead of the delay and expense of an appeal. The motion was denied whereupon defendant appealed from the order of June 4, 1962.

The sole issue is whether the trial court had jurisdiction to make an award of attorney's fees and court costs to counsel for plaintiff. No question is raised as to the amount of the award, assuming the court had jurisdiction to proceed.

There is no contradiction in the record of the claim that counsel for the wife performed legal services and advanced money out-of-pocket for the wife's court costs or that the wife was without funds and was unable otherwise to secure services of counsel or to pay her court costs.

On appeal, the husband relies on *Meadow* v. *Superior Court*, 59 Cal.2d 610, 615 [30 Cal.Rptr. 824, 381 P.2d

---

the community estate involved in this matter has a gross value of approximately One Hundred Thousand Dollars ($100,000.00) as more fully set forth in the Wife's Questionnaire on file herein;

That your declarant spent in excess of 9½ hours in conference with the plaintiff, and in preparing the necessary pleadings on file herein;

That your declarant has advanced and expended Twenty-Seven Dollars and Twenty Cents ($27.20) for costs of suit in filing and serving the documents on file herein;

That your declarant has been paid nothing for services rendered or for costs advanced;

That a bill for services rendered was sent to defendant on March 13, 1962, in the amount of Two Hundred Thirty-Seven Dollars and Fifty Cents ($237.50) for fees and Twenty-Four Dollars and Seventy Cents ($24.70) for costs advanced totaling Two Hundred Sixty-Two Dollars and Twenty Cents ($262.20), and the defendant, by telephone, assured your declarant that the bill would be paid as soon as the bank released the Ten Thousand Dollars ($10,000.00) cash in the account of the parties hereto;

That your declarant notified the bank in writing that the temporary restraining order was dissolved;

That on May 4, 1962, the defendant telephoned your declarant and stated that in his opinion, the services rendered were worth only One Hundred Fifty Dollars ($150.00) and offered to pay that amount;

That in addition to the Two Hundred Sixty-two Dollars and Twenty Cents ($262.20) previously billed on March 13, 1962, your declarant requests an additional, reasonable fee be allowed for the necessity of preparing this form and making the required court appearance, and for costs expended in serving the defendant with this notice.

I declare under penalty of perjury that the foregoing is true and correct, executed this 11th day of May, 1962, at Los Angeles, California.

/s/ Christian E. Markey, Jr.
Christian E. Markey, Jr."

648], wherein the court quoted with approval from *Weil* v. *Superior Court*, 97 Cal.App.2d 373, 376 [217 P.2d 975]: "The attorney's right to the amount allowed for counsel fees for his services rendered to a wife is no more proprietary and direct by virtue of section 137.5 of the Civil Code than before its enactment. That section provides that when attorney's fees are allowed they may, in the discretion of the court, be made payable in whole or in part to the attorney. Notwithstanding the fees may be made payable to the attorney, they are granted to the wife for her benefit and are not awarded to her attorney. . . . A wife's attorney has no separate equity in counsel fees awarded to her. His right thereto is derived from his client. . . . [Citations.]" In *Marshank* v. *Superior Court*, 180 Cal.App.2d 602, 607-608 [4 Cal.Rptr. 593], the court stated: "[I]t is only the party who has the right to apply for an award of attorney's fees and sections 137.3 and 173.5 [of the Civil Code] do not give the attorney for a party, either before or after any discharge of his services by his client, the right to make a motion in his own behalf for an award of such fees . . . and the trial court is without jurisdiction to . . . proceed with such motion or to make any award thereunder."

However, in *Meadow*, no request for the fees involved or any declaration in support thereof had ever been filed by the wife and the record showed that she had discharged the applicant as her attorney. Furthermore, the wife affirmatively resisted the making of the award sought. ▆▆ In the instant case, the court had before it, undetermined, her application for fees filed on March 7th which had gone off calendar. The record indicates counsel was and is her attorney. Unlike *Meadow*, counsel here was acting in behalf of his client. He was not acting in his own behalf. The fact that fees would be paid to him and costs reimbursed does not change the nature of the proceeding in behalf of his client. The supporting declaration which he filed brought the information in the file down to date. ▆▆ The information in the declaration was of matters entirely within his personal knowledge and therefore competent and proper. ▆▆ The husband had ample opportunity to file counteraffidavits if he saw fit to do so. He did not. There is nothing to show that Mr. Markey was not still her counsel or that the wife was unwilling for an award to be made to her counsel. Under these circumstances, *Meadow* has no application.

The husband also cites *Marshank* v. *Superior Court*, 180

Cal.App.2d 602 [4 Cal.Rptr. 593]. However, in the latter case, an attorney who had formerly represented the wife and had never appeared as an attorney of record in the divorce action was the one who instituted an order to show cause in his own behalf. This order directed both parties to the litigation to show cause why they should not be required to pay him a reasonable sum for legal services rendered. On appeal it was held that the superior court was without jurisdiction to make an award in favor of the attorney against either the husband or the wife since the attorney was not a party to the action and could not be permitted to thrust himself into the controversy by filing any character of pleading therein. In fact, in *Marshank, supra,* the court clearly distinguished the unquestioned right of an attorney to make a motion for fees in behalf of his client from the condemned practice of acting independently, in his own behalf.

In the instant case in the order to show cause issued by the court, based on the declaration of plaintiff's counsel, the defendant was ordered to appear before the court and to show cause, if any he had, why he ". . . should not be required to pay the adverse party above named [his wife] reasonable sums for attorney's fees, court costs. . . ." If defendant had any information that opposing counsel was not in fact acting in behalf of his client, but in his own behalf, or was acting in direct opposition to the wishes of his client, then clearly he had the duty, and was afforded ample opportunity, to present such matters to the court. Absent any such showing, and faced with a record indicative of the fact that counsel was still attorney of record for the wife, there was no basis for the court to assume that plaintiff's counsel was not acting in accordance with the wishes of his client and as her attorney.

The fact that the parties became reconciled (if in fact they did) is in no way inconsistent with the wife's desire that the costs of litigation theretofore incurred should be borne by the husband. In fact, both common sense and justice suggest that a husband whose conduct has induced the wife to engage the services of an attorney and to cause the latter to expend funds in court costs should ordinarily be the person to bear the expense thus incurred as part of any reconciliation understanding. Appellant had ample opportunity to show that the wife here did not hold this view, and that her intention with reference to the impact of the litigation costs as set forth in her declaration of March 7th

had been changed by the subsequent events. He made no effort to make any such showing.

Since in the instant case the wife had duly invoked the jurisdiction of the superior court to grant an award of fees and costs and since that invocation was never withdrawn, her attorney could properly proceed in her behalf to have the matter heard and the superior court had jurisdiction to consider the matter and make its order.

The order is affirmed.

Burke, P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied September 5, 1963.