[No. B186507. Second Dist., Div. Three. Oct. 13, 2006.]

In re the Marriage of LEONARD and JUDE GREEN.

BERNARD A. GREENBERG, as Trustee, etc., Respondent, v.
FREID AND GOLDSMAN, Appellant.

**COUNSEL**

Gary J. Cohen for Appellant.

Jaffe and Clemens, Daniel J. Jaffe and Charles K. Wake for Respondent.

**OPINION**

**KITCHING, J.—**

## INTRODUCTION

This is an appeal from an order quashing a judgment creditor's writ of execution seeking to recover postjudgment interest. A judgment of marital dissolution ordered the husband to pay attorney fees to the wife's former attorneys, who were named in the judgment. When judgment was entered, the husband informed the wife of his intention to pay the attorney fees to the wife's former attorneys. Claiming that the former attorneys' right to attorney fees was "derivative" of the client's right to those fees, the wife prohibited any payment to her former attorneys, and the husband did not satisfy the judgment for more than seven months. We conclude that entry of a judgment ordering payment of attorney fees to the former attorneys gave them an independent statutory right to enforce the judgment pursuant to Family Code section 272. Section 272 also gives the wife certain rights regarding a judgment awarding attorney fees to her former attorneys, but those rights do not include the power to prohibit the judgment debtor from satisfying the judgment. Here the husband did not pay or tender satisfaction to the judgment creditor, and did not deposit the disputed amount into court for the judgment creditor, which would have terminated accrual of postjudgment interest pursuant to Code of Civil Procedure section 685.030, subdivision (d). Therefore interest on the judgment, which began to accrue on the date the judgment was entered, continued to accrue until the husband paid the judgment. We conclude that the trial court erroneously entered an order quashing the wife's former attorneys' writ of execution seeking to recover postjudgment interest, and reverse that order.

## FACTUAL AND PROCEDURAL HISTORY

Leonard Green and Jude Green[1] married on July 27, 1995, and separated on May 30, 2000. On June 22, 2000, Leonard filed a petition for dissolution of the marriage. On November 7, 2001, the trial court bifurcated the proceeding and entered a judgment of dissolution of marriage, status only.

Leonard died on October 25, 2002. On December 23, 2002, Bernard A. Greenberg, trustee of the Leonard I. Green Living Trust (Trustee), was substituted as petitioner in the dissolution action in place of Leonard.

On October 24, 2003, Trustee and Jude signed a settlement agreement which, inter alia, divided marital property. The settlement agreement required Leonard to pay, as his contributive share of Jude's attorney fees, $850,000 to the law firm of Freid and Goldsman, which represented Jude in the dissolution action.

After December 6, 2003, Freid and Goldsman ceased to represent Jude. Jude was subsequently represented by Martin S. Friedlander.

On December 30, 2003, Jude sought to set aside the settlement agreement as unenforceable. Trustee moved to enforce the settlement and enter a judgment under Code of Civil Procedure section 664.6. The trial court granted Trustee's motion. A judgment filed on June 4, 2004, incorporated and ordered the parties to comply with the October 24, 2003, settlement agreement. Thus the judgment required Trustee to pay $850,000 to Freid and Goldsman.

1. *Trustee states his willingness to pay Freid and Goldsman, but requests Jude's objections, if any, to this payment.*

On June 4, 2004, Trustee's counsel sent a letter to Jude's counsel.[2] The letter enclosed a copy of the signed judgment, and stated that pursuant to the judgment, Trustee was "prepared to pay the sum of $860,000[3] to Freid and Goldsman." The letter continued, "If your client does not intend for us to make [this payment] per the Judgment, please have her state her intentions

---

[1] For ease of reference, this opinion will refer to Jude Green as Jude and to Leonard Green as Leonard. We mean no disrespect.

[2] The record is not clear concerning the attorneys representing Jude. The June 4, 2004, letter from Trustee's counsel was sent to René Tatro, representing Jude. A copy was sent to Friedlander, who responded "as attorney of record for Jude Green."

[3] This $860,000 was greater than the $850,000 the judgment required Trustee to pay Freid and Goldsman. The additional $10,000 reflects additional compensation for Freid and Goldsman that is unrelated to this appeal.

now. Otherwise, we will forward the checks [to that firm] and your client will be accepting the benefits of the Judgment and will have to comply with her obligations under the Judgment." Trustee sent copies of the letter to Freid and Goldsman and to Friedlander.

### 2. *Jude instructs Trustee not to pay Freid and Goldsman.*

Friedlander responded as Jude's attorney of record, asserted that the judgment was void, and stated to Trustee's attorney: "You are not to disperse [*sic*] any funds to any third person or take any action to enforce this void judgment." Friedlander sent a copy of his letter to the trial judge with a request to vacate the judgment.

### 3. *Trustee reiterates willingness to comply with the judgment, wants to avoid involvement in the parties' fee dispute, and asserts his right to interplead funds necessary to satisfy the judgment but does not want to be liable for postjudgment interest.*

On June 10, 2004, Trustee's counsel wrote a letter to Jude's counsel and to Freid. Trustee's counsel stated that Freid and Goldsman had demanded immediate payment by Trustee, but Jude had not stated her reasons for objecting to the payment. Because of conflicting demands, Trustee's counsel reserved the right to interplead funds due under the judgment but preferred to avoid doing so. The letter concluded that Freid and Goldsman should enforce the judgment by giving the notice required by Family Code section 272, subdivision (c), and Jude could dispute Freid and Goldsman's enforcement of the attorney fee award by filing a motion under that statute or by filing an appeal. Trustee's counsel stated that if Jude took either step, he believed the parties would agree that Trustee would be relieved of any obligation to pay postjudgment interest until Jude's objections were resolved. Trustee's counsel also stated that if Jude did not make a statutory motion or file an appeal, he would conclude that the parties understood that Jude consented to payment of the Freid and Goldsman's attorney fees for Jude's benefit. Trustee's counsel concluded the letter by reiterating that Trustee was prepared to comply with the judgment, wanted to avoid taking sides in a dispute between Jude and Freid and Goldsman, and sought a solution to relieve Trustee of conflicting claims and of liability for postjudgment interest if payment was delayed.

### 4. *Jude's counsel cautions Trustee against paying Freid and Goldsman and asserts that an interpleader action by Trustee would be in bad faith.*

On June 11, 2004, Jude's counsel wrote to Trustee's counsel. The letter noted, inter alia, that the trial court had refused to vacate the judgment. It also

cautioned Trustee's counsel against issuing checks to Freid and Goldsman, and asserted that Trustee's interpleading of those funds would be an act of bad faith.

> 5. *Trustee again asserts his right to interplead funds and asks Freid and Goldsman to withdraw demand for payment until Jude's objections ceased.*

On June 15, 2004, Trustee's counsel wrote to Jude's counsel. He disagreed that interpleading these funds would be bad faith conduct, and reiterated Trustee's right to avoid conflicting claims by interpleading the funds. Trustee's counsel stated that he would ask Freid whether Freid would withdraw his demands for payment until Jude's counsel withdrew Jude's objections.

> 6. *The Freid and Goldsman firm begins statutory enforcement of judgment debt, and tells Trustee that interpleading judgment debt would be inappropriate and that postjudgment interest continues to accrue.*

On June 18, 2004, Freid and Goldsman served a notice of application to enforce the judgment pursuant to Family Code section 272, subdivision (c). The notice stated that in 10 days, Freid and Goldsman would apply for a writ of execution to enforce the attorney fee provision in the judgment.

On June 21, 2004, Freid and Goldsman wrote to Trustee's counsel, advising of the notice of application to enforce the judgment and stating that it would be inappropriate to interplead the $860,000 due Freid and Goldsman. Freid and Goldsman reminded Trustee's counsel that at a 10 percent rate, interest accumulated at $235 per day, and stated that Freid and Goldsman expected interest calculated from June 4, 2004, to be added to the principal.

> 7. *Trustee asks Jude to withdraw her objections and to indemnify him if she refuses to do so.*

On June 21, 2004, Trustee's counsel sent a letter to Jude's counsel asking whether Jude would withdraw her objections to payment of Freid and Goldsman. Trustee's counsel also asked whether, if Jude refused to withdraw her objections, she would indemnify Trustee against liability, including but not limited to postjudgment interest, that Trustee might incur by complying with Jude's demand to withhold payment until judgment was final. The record contains no response from Jude's counsel.

In a declaration attached to the motion to quash Freid and Goldsman's writ of execution, Trustee's counsel declared that on July 22, 2004, he talked with Jude's counsel and with counsel for Freid and Goldsman. He reiterated Trustee's prior offers to deposit with the court the attorney fees owed to Freid and Goldsman, on the condition that Trustee be relieved of any obligation for accrued interest. Trustee's counsel stated that neither Jude's counsel nor Freid and Goldsman accepted this offer or made any other proposal to resolve the conflicting claims against Trustee.

8. *After dismissal of Jude's appeal and denial of her motion to reallocate attorney fees, Trustee pays Freid and Goldsman but refuses to pay postjudgment interest.*

On August 2, 2004, Jude filed a notice of appeal from the June 4, 2004, judgment. That appeal was dismissed pursuant to a January 10, 2005, settlement agreement between Jude and Trustee. This settlement agreement did not alter the attorney fee provision for Trustee's $850,000 payment to Freid and Goldsman.

Jude filed a motion for reallocation of fees (Fam. Code, § 272, subd. (c)) between Freid and Goldsman and her present counsel, Friedlander. Jude's motion asserted that legal services performed by Freid and Goldsman had little or no value, and requested the $850,000 be awarded to Friedlander. The trial court denied this motion.

On January 24, 2005, Trustee's counsel delivered an $860,000 check payable to Freid and Goldsman. An accompanying letter stated that Trustee's counsel did not think Freid and Goldsman was entitled to interest on this amount due to the conduct of Jude and her counsel. Trustee, however, offered to pay interest the estate earned on the funds since judgment was entered, approximately 1.5 percent per annum.

9. *The Freid and Goldsman law firm obtains a writ of execution for the amount of postjudgment interest, but the trial court enters an order quashing the writ of execution.*

On May 23, 2005, Freid and Goldsman obtained a writ of execution for $54,493.92, representing accrued interest, as the balance due on the judgment amount.

On July 22, 2005, Trustee moved for an order quashing the writ of execution. On September 19, 2005, the trial court granted Trustee's motion and issued an order quashing Freid and Goldsman's writ of execution. The order stated that Freid and Goldsman's right to enforce a judgment in the

dissolution proceeding was derivative of the right of their former client, Jude. The trial court noted that Jude appealed that judgment, instructed Trustee not to pay Freid and Goldsman until the judgment became final, and threatened Trustee with contempt if he paid Freid and Goldsman before the judgment became final. The order further found that Trustee had tendered performance to Jude and to Freid and Goldsman, which tenders were rejected. The order found that Trustee paid Freid and Goldsman $860,000 immediately upon dismissal of Jude's appeal of the judgment, and that no interest accrued on any amount to be paid Freid and Goldsman under that judgment.

   10.   *The Freid and Goldsman law firm appeals.*

   Freid and Goldsman filed a timely notice of appeal from the order quashing the writ of execution, which is appealable as a special order after judgment relating to the enforcement of the judgment. (*Lovret v. Seyfarth* (1972) 22 Cal.App.3d 841, 853 [101 Cal.Rptr. 143]; *Merritt v. J. A. Stafford Co.* (1968) 68 Cal.2d 619, 622 [68 Cal.Rptr. 447, 440 P.2d 927].)

### ISSUES

   The law firm of Freid and Goldsman claims that:

   1. Pursuant to Family Code section 272, the law firm of Freid and Goldsman was an independent judgment creditor entitled to enforce the judgment in its own name;

   2. Interest on a money judgment begins to accrue on the entry of judgment;

   3. Since Trustee did not satisfy Code of Civil Procedure section 685.030, interest accrued from the entry of judgment;

   4. At no time between entry of judgment and the January 24, 2005, payment of $860,000 did Trustee make an effective tender of payment to Freid and Goldsman;

   5. Since no tender was made, there was no rejection by Freid and Goldsman; and

   6. The trial court mistakenly found that Jude's actions stopped the accrual of interest due Freid and Goldsman.

### DISCUSSION

   1.   *Enforcement of an Attorney Fee Award Under the Family Code*

   Family Code section 272 states: "(a) Where the court orders one of the parties to pay attorney's fees and costs for the benefit of the other party, the

fees and costs may, in the discretion of the court, be made payable in whole or in part to the attorney entitled thereto.

"(b) Subject to subdivision (c), the order providing for payment of the attorney's fees and costs may be enforced directly by the attorney in the attorney's own name or by the party in whose behalf the order was made.

"(c) If the attorney has ceased to be the attorney for the party in whose behalf the order was made, the attorney may enforce the order only if it appears of record that the attorney has given to the former client or successor counsel 10 days' written notice of the application for enforcement of the order. During the 10-day period, the client may file in the proceeding a motion directed to the former attorney for partial or total reallocation of fees and costs to cover the services and cost of successor counsel. On the filing of the motion, the enforcement of the order by the former attorney shall be stayed until the court has resolved the motion."

Thus Family Code section 272, subdivision (a) authorized the provision of the June 4, 2004, judgment that ordered Trustee to pay $850,000 to Freid and Goldsman.

2. *Although an Attorney's Right to Fees in a Dissolution Action Is "Derivative" of the Client's Right, Once Judgment Is Entered the Attorney Can Enforce the Fee Award Directly*

Trustee argues that because Freid and Goldsman's right to attorney fees derived from and was no greater than Jude's right to receive those fees, Freid and Goldsman's enforcement rights also derived from Jude's enforcement rights. From this premise, Trustee concludes that because Jude rejected Trustee's tender and had no right to recover postjudgment interest while her appeal was pending,[4] therefore Freid and Goldsman had no right to recover postjudgment interest either. Because the premise is incorrect, so is the conclusion.

"When a family law court orders one spouse to pay the other spouse's attorney fees, Family Code section 272, subdivision (a), authorizes the court, in its discretion, to order that the fees be paid directly to the attorney." (*In re Marriage of Simpson* (2006) 141 Cal.App.4th 707, 710 [46 Cal.Rptr.3d 253].) While a dissolution action is pending, however, a party's former attorney has no separate equity in attorney fees awarded to that party and the former attorney's right to attorney fees is derived from the client's right. (*Id.* at

---

[4] In passing, we note that this assertion is not correct. "An appeal does not stop the running of interest, and to obtain such result the obligor must make a sufficient tender." (*Beeler v. American Trust Co.* (1946) 28 Cal.2d 435, 438 [170 P.2d 439].)

pp. 710–711, quoting *Meadow v. Superior Court* (1963) 59 Cal.2d 610, 615–616 [30 Cal.Rptr. 824, 381 P.2d 648].) Consequently the client must expressly or impliedly authorize a discharged attorney to move for payment of attorney fees, and without such authorization the trial court lacks jurisdiction over and cannot rule on such a motion. The former attorney could seek attorney fees in an independent action against the former client, but could not apply for attorney fees during the dissolution proceeding without the former clients' express or implied authority. (*Simpson*, at p. 713.) Trustee's counsel appears to have relied on this analysis during the time he did not satisfy the judgment for Freid and Goldsman because of Jude's objections. The trial court likewise relied on this analysis in denying postjudgment interest.

■ This rule, however, applies only to attorney fee applications made before judgment. Entry of a judgment pursuant to Family Code section 272, subdivision (a), making attorney fees payable directly to a spouse's attorney, alters this situation by making the attorney a judgment creditor. Section 272, subdivision (b), gives that attorney an independent, nonderivative, statutory right to enforce the award in the judgment. After entry of the judgment naming them as judgment creditors, Freid and Goldsman's enforcement right derived not from Jude, but from statute. Under these changed circumstances, the rule quoted from *In re Marriage of Simpson* does not apply.

■ The idea that Freid and Goldsman's right to attorney fees awarded to them by the judgment continued to be "derivative" of Jude's right created the false impression that Jude had the ability to prevent payment by the judgment debtor. She did not. Family Code section 272, subdivision (c), gave Jude the right to enforce the order as "the party in whose behalf the order was made," to receive written notice of the application to enforce the order, and to make a motion for reallocation of fees. That statute, however, did not grant Jude the right to prohibit the judgment debtor from paying attorney fees to the judgment creditor.

Having determined that Freid and Goldsman had the right to enforce the judgment awarding them attorney fees, we now must decide if they are entitled to postjudgment interest.

### 3. *Freid and Goldsman Are Entitled to Postjudgment Interest*

The main issue in this appeal is whether Freid and Goldsman can receive interest on the attorney fee award pursuant to statutes governing postjudgment interest. Code of Civil Procedure section 685.020, subdivision (a), states: "Except as provided in subdivision (b), interest commences to accrue on a money judgment on the date of entry of the judgment." Thus interest commenced to accrue on this judgment on June 4, 2004.

Code of Civil Procedure section 685.030 defines when interest stops accruing on a judgment, and as relevant to this appeal, states: "(b) If a money judgment is satisfied in full other than pursuant to a writ under this title, interest ceases to accrue on the date the judgment is satisfied in full.

"(c) If a money judgment is partially satisfied pursuant to a writ under this title or is otherwise partially satisfied, interest ceases to accrue as to the part satisfied on the date the part is satisfied.

"(d) For the purposes of subdivisions (b) and (c), the date a money judgment is satisfied in full or in part is the earliest of the following times:

"(1) The date satisfaction is actually received by the judgment creditor.

"(2) The date satisfaction is tendered to the judgment creditor or deposited in court for the judgment creditor.

"(3) The date of any other performance that has the effect of satisfaction."

The trial court found that Trustee tendered performance to Jude and to Freid and Goldsman, which tenders were rejected. We examine whether substantial evidence supported these factual findings (*Still v. Plaza Marina Commercial Corp.* (1971) 21 Cal.App.3d 378, 384 [98 Cal.Rptr. 414]), and whether a tender of performance and a refusal of that tender, or some other circumstance, caused interest to cease to accrue on the judgment.

### A. *Jude's Attempt to Prevent Payment of the Judgment to Freid and Goldsman Did Not Stop Postjudgment Interest from Accruing*

In a June 4, 2004, letter to Jude's attorney, Trustee's attorney stated that Trustee was prepared to pay the $860,000 debt to Freid and Goldsman. Trustee's attorney asked that Jude state if she objected to Trustee's making this payment, or else Trustee would forward a check to Freid and Goldsman. Trustee's counsel sent copies of this letter to Freid and Goldsman, and to Friedlander.

Friedlander responded by objecting that the judgment was void, stating that Trustee should not disburse funds to any third person or take action to enforce the void judgment, and warning that any attempt to disburse funds would be an act of bad faith by Trustee. We have concluded that Family Code section 272 defined Jude's rights regarding the attorney fee award in the judgment. Those rights did not include the power to prevent Trustee from paying Freid and Goldsman or to prohibit Trustee's offer of funds to Freid

and Goldsman. Neither action by Jude stopped postjudgment interest from accruing under Code of Civil Procedure section 685.030, subdivisions (b) and (d).

> B. *Trustee Did Not Make a Valid and Effective Tender of the Judgment Debt to Freid and Goldsman, and Postjudgment Interest Continued to Accrue Until Trustee Satisfied the Judgment*

The evidence shows that Trustee made no valid and effective tender to Freid and Goldsman.

■ "An offer of performance must be free from any conditions which the creditor is not bound, on his part, to perform." (Civ. Code, § 1494.) "Although [Civil Code] section 1504 provides for the stopping of interest where there has been an offer of performance, [Civil Code] section 1494 clearly requires that the offer of performance be free from unwarranted conditions. A tender which is conditional does not come within the provisions of Civil Code section 1504." (*Mission Ins. Group, Inc. v. Merco Construction Engineers, Inc.* (1983) 147 Cal.App.3d 1059, 1067 [195 Cal.Rptr. 781].) On June 10, 2004, Trustee's attorney stated that if Freid and Goldsman had not given the Family Code section 272 10-day notice, that law firm could not yet directly enforce the attorney fee provision in the judgment. Thus Trustee made no offer to pay the judgment amount owed to Freid and Goldsman. Instead Trustee invited Freid and Goldsman to initiate statutory enforcement, and indicated that Jude could dispute Freid and Goldsman's entitlement to attorney fees by filing a section 272 motion for reallocation or an appeal. Trustee stated that if Jude took either step, the parties should agree that Trustee would be relieved of postjudgment interest (and any other liability) until Jude's objections were resolved. Trustee also stated that if the dispute was not resolved, Trustee reserved the right to interplead the disputed funds. Thus Trustee imposed conditions on his stated intention of honoring his obligations.

" 'A tender is an offer of performance made with the intent to extinguish the obligation. (Civ. Code, § 1485.)' [Citation.] A tender must be one of full performance (Civ. Code, § 1486) and must be unconditional to be valid. (Civ. Code, § 1494 . . . .)" (*Arnolds Management Corp. v. Eischen* (1984) 158 Cal.App.3d 575, 580 [205 Cal.Rptr. 15].) Trustee's counsel's June 15, 2004, letter to Friedlander stated that Trustee would ask Freid to state whether he would withdraw his demands for payment until Jude withdrew her objections to such payment. Thus on June 15, 2004, Trustee made no offer of performance to Freid and Goldsman.

Trustee's counsel's June 21, 2004, letter to Friedlander contains no offer of performance to Freid and Goldsman. Instead this letter asked Friedlander whether Jude would withdraw her objections to payment of Freid and Goldsman, and if she would not, whether Jude would indemnify Trustee against any potential liability, including postjudgment interest, that Trustee would incur by complying with Jude's demand to withhold payment until judgment was final.

We conclude that Trustee made no offer of performance to Freid and Goldsman on June 10, 15, or 21, 2004. "[W]ith respect to tender, 'it is a debtor's responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect.' " (*Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 439 [129 Cal.Rptr.2d 436].) As a consequence of Trustee's failed tenders, postjudgment interest continued to accrue.

As Trustee's counsel conceded, Freid and Goldsman continued to demand immediate payment. Freid and Goldsman did nothing to delay Trustee's payment of the judgment amount due them. By contrast, Jude insisted that Trustee pay no funds to Freid and Goldsman. Jude unsuccessfully moved for reallocation under Family Code section 272, and filed an appeal whose outcome produced no change to the June 4, 2004, judgment award of attorney fees to Freid and Goldsman. Under Code of Civil Procedure section 685.030, it was Trustee's burden to determine whether to terminate accrual of post-judgment interest under subdivision (d)(1) or (2) either by paying the judgment amount to Freid and Goldsman or by depositing the funds into court. Pursuant to section 685.030, subdivision (b), either of these steps would have terminated the accrual of postjudgment interest.

Trustee did not take either step. Freid and Goldsman did not immediately enforce the judgment under Family Code section 272. Even had they done so it would not have terminated accrual of postjudgment interest until that remedy was successful. The distinction is between enforcement of the judgment by Freid and Goldsman pursuant to section 272, and termination of the accrual of postjudgment interest by Trustee pursuant to Code of Civil Procedure section 685.030. Section 685.030 placed the burden on Trustee to take steps necessary to terminate accrual of postjudgment interest. Freid and Goldsman did not prevent him from doing so. Therefore postjudgment interest continued to accrue from June 4, 2004, until Trustee paid the judgment amount to Freid and Goldsman on January 24, 2005.

## DISPOSITION

The order quashing the writ of execution of Freid and Goldsman is reversed. Costs on appeal are awarded to appellant Freid and Goldsman.

Klein, P. J., and Croskey, J., concurred.