[No. B018597. Second Dist., Div. Three. July 27, 1988.]

In re the Marriage of REBECCA and JOSEPH TUSHINSKY.
RONALD S. MARKS et al., Appellants, v.
REBECCA TUSHINSKY et al., Respondents

## COUNSEL

Russell Iungerich for Appellants.

Lee W. Landrum and Jerold V. Goldstein for Respondents.

## OPINION

**DANIELSON, Acting P. J.**—Ronald S. Marks (Marks) and Robert L. Stevenson (Stevenson; collectively, Marks & Stevenson) purport to appeal from that portion of the judgment entered on November 18, 1985, denying their request for attorney's fees and their request for imposition of an attorney's lien for services rendered on behalf of Rebecca Tushinsky (Rebecca).

We dismiss the appeal because of appellants' lack of standing to appeal.

### PROCEDURAL AND FACTUAL STATEMENT

On February 10, 1983, Rebecca retained Marks & Stevenson to represent her in a dissolution action against her former husband, Joseph Tushinsky (Joseph). Pursuant to the retainer agreement Rebecca agreed to pay Marks & Stevenson a retainer of $2,000 and legal fees of $150 per hour. She also agreed to give the law firm a lien on any settlement or judgment obtained in that action for unpaid fees.

On December 23, 1983, Rebecca retained Marks & Stevenson to represent her in a malicious prosecution action brought against her by Joseph. The retainer agreement expressly provided that "if client [Rebecca] has no

ability to pay Attorneys for said services, Attorneys agree to be paid from the proceeds that [Rebecca] shall receive in her dissolution of marriage . . . . Attorneys shall have a lien on any proceeds [she] receives by way of settlement or judgment arising from said dissolution . . . ."

On September 12, 1984, in the dissolution proceeding, Marks & Stevenson filed an application and caused an order to show cause to be issued on behalf of Rebecca directed to Joseph for modification of child and spousal support, for reimbursement of funds spent to preserve the community assets, and for attorney's fees and costs. The order to show cause, which originally specified a hearing date of October 4, 1984, was continued to June 5, 1985.

On November 5, 1984, Lee W. Landrum (Landrum) became associated as attorney of record with Marks & Stevenson with regard to the dissolution action.

On May 3, 1985, by letter, Rebecca discharged Marks & Stevenson, for cause, as her attorneys. Marks & Stevenson acknowledged that they had received notice of such termination on May 8, 1985, in the declaration of Ronald S. Marks dated June 21, 1985.

By letter dated May 21, 1985, Landrum requested the court to take off calendar the order to show cause, apparently scheduled for hearing on June 5, 1985.

On June 21, 1985, Marks & Stevenson, who no longer represented Rebecca, filed a motion to restore to calendar the order to show cause filed September 12, 1984, with respect to its request for attorney's fees and costs. The request for fees and costs was based on Civil Code section 4370, subdivision (a)[1] (section 4370), relating to attorney's fees and costs in family law proceedings.

On June 26, 1985, pursuant to stipulation by Rebecca and Joseph, Hyman O. Danoff, was appointed as "Judge Pro Tem" to preside over the dissolution matter.

The motion to restore the order to show cause came on for hearing before Commissioner Danoff on July 8, 1985. He deferred the motion until after

---

[1] Subdivision (a) of section 4370 provides in pertinent part: "During the pendency of any proceeding under this part, the court may order any party . . . to pay such amount as may be reasonably necessary for the cost of maintaining or defending the proceeding and for attorney's fees; and from time to time and before entry of judgment, the court may augment or modify the original award for costs and attorneys' fees as may be reasonably necessary for the prosecution or defense of the proceeding or any proceeding related thereto, including after any appeal has been concluded."

consideration of the issues of division of property, support, custody and visitation[2] and expressly specified notice to be given to Marks & Stevenson at least 24 hours in advance of the time for trial of the issues of attorney's fees and costs. Marks was present at the time and made no objection to this procedure.

On July 17, 1985, Marks & Stevenson was notified by the court that the hearing on the issues of attorney's fees and costs was set for July 29, 1985.

On July 29, 1985, Commissioner Danoff granted the motion to restore the September 12 order to show cause regarding fees and costs for hearing as to the dissolution matter only. He expressly disallowed the motion with regard to the request for fees and costs concerning the malicious prosecution, domestic violence, and juvenile court proceedings. Both Rebecca and Joseph objected to the granting of the motion on the ground of lack of jurisdiction.

The hearing on the order to show cause regarding Marks & Stevenson's attorney's fees and costs commenced on July 29 and continued on August 6. Marks & Stevenson relied primarily on the motion to restore the order to show cause and supporting declarations. Stevenson also testified in support of the request for attorney's fees. Landrum and retired judge Harry Shafer testified against the award of fees. Both retired judge Shafer and Landrum opined that the reasonable value of Marks & Stevenson's services in the domestic relations case was zero.

On August 8, 1985, in the dissolution matter, Marks & Stevenson filed a notice of attorney's lien pursuant to a retainer agreement dated December 23, 1983, regarding their services to defend Rebecca in the malicious prosecution action initiated by Joseph.

On August 9, 1985, the hearing on the order to show cause was concluded. On that date retired judge William Hogoboom testified as an expert witness on behalf of Marks & Stevenson. Judge Hogoboom opined the reasonable value of Marks & Stevenson's services in the dissolution proceeding to be $42,500.

On November 13, 1985, Commissioner Danoff entered his "Further Judgment on Reserved Issues." He awarded Marks & Stevenson the sum of $5,000 as attorney's fees in the dissolution proceedings. However, he offset

---

[2] The issues in the dissolution action had been bifurcated. On September 18, 1984, a judgment of dissolution of marriage was entered regarding the issue of the status of the marriage. The trial before Commissioner Danoff involved the remaining issues.

that amount by the sum of $2,500, which represented sanctions against Marks & Stevenson regarding a prior discovery matter.

With respect to the notice of attorney's lien, based on the malicious prosecution action, filed August 8, 1985, Commissioner Danoff found it to be unenforceable for the reason that enforcement of the lien would unjustly enrich Marks & Stevenson, who had unclean hands. Specifically, he found Marks & Stevenson should have advised settlement of the malicious prosecution action instead of going forward to trial when Rebecca had informed it one of the witnesses against Joseph had lied. Commissioner Danoff found the failure of Marks & Stevenson to adequately and properly evaluate the evidence in the malicious prosecution case contributed to the final judgment against Rebecca in that action in the sum of $6 million. Also, Rebecca had discharged Marks & Stevenson for cause in both the dissolution and malicious prosecution action.

He found the lien to be unenforceable for the additional reason that the express condition precedent in the retainer agreement to its enforceability was not met, i.e., Rebecca's inability to pay for Marks & Stevenson's services. Commissioner Danoff found Rebecca had the ability to pay for attorney's services as of December 28, 1983, the date of the subject retainer agreement, since she had a community interest in several million dollars worth of community property, including a pension fund. Marks & Stevenson, however, failed to take the necessary steps to obtain the release of Rebecca's interests in those funds, which would have been available to Rebecca and would have enabled her to retain attorneys to defend her and to pay the costs thereof.

ISSUE

The pivotal issue raised by this appeal is whether an attorney who was formerly the attorney for a party in a dissolution proceeding, but who was no longer such attorney at the time the judgment was made and entered, has standing to appeal from a further judgment on reserved issues in the dissolution proceedings which encompasses an order granting in part and denying in part the attorney's request for attorney's fees and costs and denying a companion request to enforce an attorney lien. We hold no such standing to appeal exists.

DISCUSSION

■ There is no question that the subject judgment is appealable. (Code Civ. Proc., § 904.1, subd. (a).) However, only a "party aggrieved may appeal" from a judgment. (Code Civ. Proc., § 902.) ■ As a general rule,

only parties of record may appeal. (*County of Alameda* v. *Carleson* (1971) 5 Cal.3d 730, 736 [97 Cal.Rptr. 385, 488 P.2d 953].) It is undisputed that neither Marks nor Stevenson individually, nor Marks & Stevenson, are parties to the dissolution action. ▮ Accordingly, they are not "parties aggrieved" who are entitled to appeal from the judgment unless some exception applies. From our review of the applicable law we conclude no such exception exists.

▮ "One is considered 'aggrieved' whose rights or interests are injuriously affected by the judgment. [Citations.] Appellant's interest ' "must be immediate, pecuniary, and substantial and not nominal or a remote consequence of the judgment." ' [Citation.]" (*County of Alameda* v. *Carleson, supra,* 5 Cal.3d 730, 737.)

▮ It is well settled that the right to attorney's fees and costs under Civil Code section 4370 belongs to the client spouse and accrues to the benefit of the attorney only indirectly. Moreover, the right to such fees and costs belongs to the spouse to whom they were awarded, not to the attorney, even if the award is made directly payable to the attorney. (*Meadow* v. *Superior Court* (1963) 59 Cal.2d 610, 615-616 [30 Cal.Rptr. 824, 381 P.2d 648]; *Marshank* v. *Superior Court* (1960) 180 Cal.App.2d 602, 605-608 [4 Cal.Rptr. 593]; *Wong* v. *Superior Court* (1966) 246 Cal.App.2d 541, 545, 546 [54 Cal.Rptr. 782].) The right of an attorney to recover attorney's fees cannot be invoked in the dissolution action itself. Instead, the attorney must institute an independent action against the client to recover attorney's fees on his or her own behalf. (*Meadow* v. *Superior Court, supra,* 59 Cal.2d 610, 616; *Marshank* v. *Superior Court, supra,* 180 Cal.App.2d 602, 608.)

▮ Based on the foregoing we hold that an attorney is not a party aggrieved within the meaning of section 902 of the Code of Civil Procedure with respect to a ruling on a request for attorney's fees under Civil Code section 4370 which is encompassed in a final judgment in a dissolution proceeding.[3] (See also, *Telander* v. *Telander* (1943) 60 Cal.App.2d. 207 [140 P.2d 204] regarding dismissal of appeal by attorney from an order denying an award of attorney's fees in a separate maintenance action on the ground he was not an aggrieved party since he had no interest in the subject matter of the action.)

We acknowledge there is one case reaching a contrary conclusion, *Schwartz* v. *Schwartz* (1959) 173 Cal.App.2d 455, 458 [343 P.2d 299]. How-

---

[3] In *County of Alameda* v. *Carleson, supra,* 5 Cal.3d 730, our Supreme Court held "one who is legally 'aggrieved' by a judgment may become a party of record and obtain a right to appeal by moving to vacate the judgment pursuant to Code of Civil Procedure section 663. [Citations.]" (*Id.* at p. 736.) No such motion was made by Marks & Stevenson, nor based on our analysis, *ante,* would such a motion be valid since Marks & Stevenson is not "legally 'aggrieved' " by the judgment.

ever, a careful scrutiny of that decision discloses that the court never addressed the jurisdictional issue of standing to appeal, and thus, the decision is of no precedential moment. In *Schwartz* the appellants were substituted out as attorneys of record for the wife in a divorce action. The court subsequently granted the husband's motion to reduce the amount of attorney's fees previously awarded appellants and denied appellants' motion for additional fees. (*Id.* at pp. 456-457.)

Although the reviewing court recognized the issue of standing, the court ignored it and, instead, addressed the merits on policy grounds. Specifically, the *Schwartz* court announced: "There is a serious question about the right of appellants to maintain this appeal since their interest in the subject-matter of the action is only derivative through their employment as attorneys. [Citations.] However, it is always desirable, if possible, to decide an appeal on the merits and since we have concluded that the trial court's orders must be affirmed we have passed on the merits of this appeal." (173 Cal.App.2d at p. 458.)

We further hold an attorney is not a "party aggrieved" within the meaning of section 902 of the Code of Civil Procedure with regard to a judgment purporting to rule on the attorney's Notice of Attorney's Lien filed in the underlying action to which the attorney is not a party. The attorney is not made a party of record because of the fact that such notice was filed.

Moreover, the attorney's "rights or interests are [not] injuriously affected by the judgment." (*County of Alameda* v. *Carleson, supra,* 5 Cal.3d 730, 737.) The notice has no legal import with respect to adjudication of the attorney's claim for fees and costs from his client, who is a party to that action. ▪ It is established that such "[c]ompensation must be sought in an independent action by the attorney against the client, and not by application to the court in which the litigation is pending. [Citations.]" (*Hendricks* v. *Superior Court* (1961) 197 Cal.App.2d 586, 589 [17 Cal.Rptr. 364].)

▪ Inasmuch as we find that Marks & Stevenson have no right, or standing, to appeal from the judgment, we have no jurisdiction to consider their appeal and do not reach the contentions which they raise and must, instead, dismiss the purported appeal.

## DECISION

The purported appeal is dismissed for lack of standing to appeal. Respondents to recover costs on this purported appeal.

Arabian, J., and Luros, J.,* concurred.

A petition for a rehearing was denied August 26, 1988, and the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied November 30, 1988.

---

* Assigned by the Chairperson of the Judicial Council.