[No. B112787. Second Dist., Div. Four. Oct. 21, 1998.]

In re the Marriage of PHOEBE NAVELLE and ROBERT DUKE KELSO.
PHOEBE NAVELLE KELSO, Respondent, v.
ROBERT DUKE KELSO, Respondent;
LINDA N. WISOTSKY, Appellant.

COUNSEL

Linda N. Wisotsky, in pro. per., for Appellant.

Leslie Ellen Shear as Amicus Curiae on behalf of Appellant.

No appearance for Respondent Wife.

Philip A. Putman for Respondent Husband.

OPINION

**VOGEL (C. S.), P. J.**—

### INTRODUCTION

Appellant Linda N. Wisotsky, an attorney, formerly represented the wife in this marital dissolution action. Prior to substituting out as the wife's attorney, appellant obtained, pursuant to *In re Marriage of Borson* (1974) 37 Cal.App.3d 632 [112 Cal.Rptr. 432] (hereafter *Borson*), an order reserving the court's jurisdiction to award attorney fees and costs for appellant's prior services. The judicial officer who was then hearing the matter, Commissioner Clemens, disqualified himself from determining the issue of attorney fees and costs for appellant's prior services, on the ground he was biased against appellant. Nevertheless, in proceedings of which appellant had no notice and from which appellant was excluded, Commissioner Clemens determined that during the time the wife was represented by appellant, the wife made totally unfounded allegations of child abuse against the husband; Commissioner Clemens ordered the wife to pay the husband $5,000 as a sanction under Family Code section 271, and allowed $5,000 to the wife's subsequent attorney, payable by the husband.

Appellant requested that a neutral judge hold a hearing on appellant's attorney fees, free of Commissioner Clemens's "findings" which adversely reflected on appellant. Judge Montes refused to set a hearing on this request, concluding that a hearing would be futile, because in light of Commissioner

Clemens's findings the wife is obviously not entitled to any award of attorney fees and costs.

We reverse. Judge Montes should not have relied on Commissioner Clemens's findings which were made after Commissioner Clemens recused himself and without affording appellant an opportunity to be heard. We remand the matter in order that a new judge may determine de novo the issue of the wife's attorney fees and costs during the period of representation by appellant.

### LEGAL BACKGROUND (*BORSON* CASE)

In *Borson, supra,* 37 Cal.App.3d 632, the wife discharged her attorneys prior to completion of discovery. Without the wife's express consent, the attorneys filed a motion, "on her behalf," seeking that the court direct the husband to pay the attorneys for the work done for wife up to that point. The court allowed the attorneys to withdraw and reserved ruling on the motion until trial of the remaining issues. The court subsequently ordered the husband to pay certain fees and costs to the wife's former attorneys. On appeal the husband contended the court had no jurisdiction to do so. The appellate court upheld this procedure and the award. It said the motion was on behalf of the wife, because "[o]therwise she would have then been liable to pay by herself to these attorneys" the reasonable value of services rendered, and "[h]er motion that [the husband] pay this liability directly to the attorneys, pursuant to [the predecessor of current Family Code section 2030] avoided circuity in litigation—they suing her and she then asking the court to order [the husband] to pay what she had paid." (37 Cal.App.3d at p. 638.)

### FACTUAL AND PROCEDURAL BACKGROUND

Phoebe Navelle Kelso (hereafter Wife) petitioned in July 1993 for dissolution of her marriage to Robert Duke Kelso (hereafter Husband). She sought sole legal custody of their young daughter on the ground Husband posed a danger to the child. Wife was represented by different attorneys at various stages of the case: Dana Blatt from July 9, 1993, to March 10, 1994; appellant Wisotsky from March 10, 1994, to May 19, 1995; Ronald Lais from May 19, 1995, to December 19, 1995; and Attorney Blatt again from December 19, 1995, until November 14, 1996.

Prior to substituting out as attorney for Wife, appellant timely filed a *Borson* motion. On May 19, 1995, Husband's attorney (Harold J. Cohn) and Wife's new attorney (Lais) "stipulate[d]" to the *Borson* motion. Husband and

Wife stipulated to have the property issues tried by a private judge (Judge Markey) and the "custody" and *Borson* motion" issues tried by Commissioner Clemens. On June 12, 1995, Commissioner Clemens signed a *Borson* order in the form requested by appellant. The order provided that the court "retain jurisdiction to award attorneys' fees and costs to Linda N. Wisotsky for services rendered and costs incurred in the within case," that the parties and their current attorneys "notify Linda N. Wisotsky of all hearings, conferences and trials wherein attorneys fees and costs are in issue," and that "no settlement, agreement or judgment be approved without Linda Wisotsky having the opportunity to be heard with respect to her fees, to assure that her fees are not circumvented or in any way defeated."

On August 15, 1996, Commissioner Clemens set a hearing date of September 20, 1996 (subsequently continued to September 24) "on disbursement of attorney fees (*Borson* motion)." Appellant was represented by Attorney Robert J. Friedman for this purpose. On September 9, 1996, appellant submitted a lengthy declaration and exhibits concerning the legal services appellant had rendered. Appellant requested $25,000, alleging that $5,000 of this amount was incurred due to obstructive conduct of Husband. Husband, represented by Attorney Cohn, submitted opposition. Husband contended no award should be made, and appellant should suffer sanctions, because Wife, in part through appellant, had engaged in a lengthy campaign falsely accusing Husband of molesting the parties' child. Wife, represented by Attorney Blatt, also submitted opposition. Blatt asserted that although Wife did indeed seek an award against Husband for her attorney fees, the amount which Wife owed to Blatt should be considered in fixing any amount which Wife owed to appellant.

When Commissioner Clemens called the case on September 24, 1996, all parties and their attorneys were present (i.e, appellant and her attorney, Friedman, Husband and his attorney, Cohn, and Wife and her attorney, Blatt). Friedman on appellant's behalf commenced by requesting that Commissioner Clemens recuse himself from hearing the matter of attorney fees in connection with the *Borson* motion. The legal ground cited was Code of Civil Procedure section 170.1, subdivision (a)(6), which involves disqualification where (A) the judge believes recusal would further the interests of justice, (B) the judge believes there is a substantial doubt of his or her capacity to be impartial, or (C) a person aware of the facts might reasonably entertain a doubt that the judge would be impartial. The factual basis cited by Friedman was that in October 1995, a chambers conference was held from which Friedman was excluded, during which a decision was made to release certain blocked funds, which decision was inconsistent with the prior *Borson* order, and which was vacated when Friedman thereafter reminded

Commissioner Clemens of the *Borson* order. Allegedly Commissioner Clemens told Friedman at that time that the *Borson* motion would not be decided that day and that, if it were, appellant would not be happy with the result.

Commissioner Clemens rejected Friedman's stated ground for recusal; Commissioner Clemens stated that in the prior matter he had momentarily forgotten the *Borson* order and that he immediately rescinded the disbursement order when the issue was brought to his attention; therefore, he concluded, the prior incident did not by itself raise any doubt about his ability to be impartial.

But on his own motion Commissioner Clemens recused himself from ruling on "this particular issue" on a somewhat different ground that, "I've had a number of matters with Ms. Wisotsky . . . in several other cases, . . . and I've reached the point where I'm basically going to say that I don't think I should ever hear any more cases with Ms. Wisotsky. . . . I now have my own doubts as to my ability to adjudicate issues involving Ms. Wisotsky personally, like her attorney fees, fairly." Husband's attorney reminded the court that the court had already heard certain issues, and he asserted the court could make findings on other issues such as financial need and ability. Commissioner Clemens agreed, stating, "the whole point is that I am not sending off any other issues." The only issue he agreed to have reassigned to another judge was "how much, if any at all, should [Husband] be ordered to pay toward [Wife's] attorney fees and costs incurred when Ms. Wisotsky was representing [Wife]." As a practical matter, he asserted, consideration by the new judge would come only after Commissioner Clemens ruled on the other remaining matters, including the financial circumstances of the parties. Commissioner Clemens stated he did not intend to release blocked funds.

Commissioner Clemens then stated to Friedman and appellant, "So while you're welcome to stay here, I think all our further proceedings in this matter don't have anything to do with the *Borson*." Friedman and appellant thanked the court and left. Husband's and Wife's attorneys then discussed various issues concerning custody, visitation, psychological therapy for the child, and dissolution. The parties understood that Commissioner Clemens would be deciding "custody, status, and support" issues, while Judge Markey would be deciding "property" issues.

On October 1, 1996, Commissioner Clemens conducted further proceedings from which appellant and her attorney, Friedman, were absent; Husband's attorney, Cohn, and Wife's attorney, Blatt, were present. Commissioner Clemens commenced the proceedings with the observation, "As to the

whole issue of attorney fees, we have a horrible problem," namely that the parties had incurred huge attorney fees involving "two years of major litigation, for reasons that turned out to be—the kindest way to put it, delusional. Or worse. And the way this matter was litigated . . . caused the costs [to be] much higher than they needed to have been." Wife's attorney, Blatt, inquired, "Are we going to do fees here today? I thought we put that over to [a *Borson*] motion." Husband's attorney, Cohn, replied, "Not as to petitioner [Wife] and respondent [Husband]." Commissioner Clemens stated his intention to make findings. He stated that without need to sort the blame as between Wife and her prior counsel, appellant, it was clear that appellant was Wife's agent, and the case was litigated in an unduly acrimonious manner. He commented that he had no criticism of Blatt's subsequent services, and he ordered that Husband pay $5,000 to Wife's attorney, Blatt, pursuant to Family Code section 2030.[1] But he then imposed a sanction against Wife pursuant to Family Code section 271, and ordered Wife to pay $5,000 directly to Husband.[2]

Commissioner Clemens awarded custody of the child to Husband and ordered Wife to pay child support to Husband. Wife requested a statement of decision. On October 30, 1996, Commissioner Clemens filed his statement of decision (labeled findings of fact and conclusions of law, apparently drafted by Husband's attorney). He found: Wife's allegations of child abuse and molestation by Husband were "without factual basis," a result of "delusional perceptions," "not reality based." Wife's allegations and her own conduct toward the child "present a risk of emotional and physical harm to the minor child." Wife "supported, promoted, and did advance baseless allegations against [Husband] of sexual molestation." Wife's "allegations were advanced individually by [Wife] and through her former counsel, Linda N. Wisotsky, without any medical basis, or due diligence."

On November 12, 1996, Commissioner Clemens signed and filed a "judgment." The judgment disposed of the custody, visitation, and support issues. It recited also that Husband had $17,000 available in blocked funds and ordered Husband to pay from such otherwise blocked funds $5,000 to Wife's attorney, Blatt, pursuant to Family Code section 2030. It ordered Wife to pay Husband $5,000 from certain pension accounts, as a sanction pursuant to Family Code section 271. It recited, "This Court finds that the actions of the petitioner [Wife] and her former counsel Linda N. Wisotsky warrant the

---

[1]Family Code section 2030 is the general provision authorizing a trial court to order one party to pay the attorney fees of the other party, based on that party's need for legal representation.

[2]Family Code section 271 authorizes the trial court to award attorney fees and costs to one party as a sanction for conduct of the other party or other party's attorney which frustrates settlement of the litigation.

imposition of same." It also recited, "The Court on its own motion recuses itself from any further matters involving Linda N. Wisotsky. Upon the filing of the findings and determination by this Court of the financial abilities of the parties, the *Borson* motion shall be sent to Department 2 for re-assignment with another Judicial Officer for determination, based on the findings herein."

On January 31, 1997, appellant through Attorney Friedman filed a motion to "Set Fee Trial; Correct Record; Protect Record." The motion requested that a date be set for "trial for fees pursuant to the *Borson* Motion granted on June 8, [*sic*] 1995." Appellant also sought to strike the language in Commissioner Clemens's statement of decision and judgment referring to appellant, on the ground Commissioner Clemens included those remarks without prior notice to appellant and opportunity to be heard, in violation of the terms of the *Borson* order. Appellant contended such correction of the record was necessary in order to avoid prejudicing the new judge to whom the matter would be assigned in light of Commissioner Clemens's recusal. Husband's attorney, Cohn, filed opposition asserting that any award against Husband would in effect "undo" the prior sanction against Wife pursuant to Family Code section 271: "There is no reason why this court should reward Petitioner [Wife] and her former counsel by ordering Respondent [Husband] to pay"; he urged that appellant's recourse should be against Wife, not Husband.

Appellant's motion to set a trial date and correct the record was argued to Judge Montes on April 2, 1997. Appellant's counsel, Friedman, reiterated appellant's theory: that Commissioner Clemens's findings referring to Wife's unfounded allegations should be modified to strike references to appellant, because Commissioner Clemens did not provide appellant notice or opportunity to be heard, and in any event had recused himself from ruling on appellant's fees. Husband's attorney, Cohn, argued that Commissioner Clemens's findings were made in the context of deciding the child custody issues and that it was perfectly proper to give effect to those findings.

Judge Montes stated that Commissioner Clemens's findings were so adverse to *Wife* that Wife would be "entitled to no fees under any applicable code section in the Family [Code]." When appellant's counsel Friedman replied that, "it's really the counsel," not Wife, who is requesting the award, Judge Montes disagreed, stating, "[C]ounsel stands in no better position than the petitioner [Wife]. . . . [C]ounsel obtains her relief through the petitioner. So if the petitioner has no right to fees, then her counsel has no right to fees."

Judge Montes's written order similarly concludes in pertinent part: "Reference[s] to [appellant] in [Commissioner Clemens's] findings of fact and

conclusion[s] of law may have been unwarranted and done without notice, but an erroneous reference to the counsel in the findings of fact and conclusions of law [does not] affect . . . the ruling on the instant motion. . . . As set forth in [*Borson*] . . . , a motion seeking payment of fees from the other party is in essence a motion made on behalf of the party and not the attorney. . . . [I]n view of the findings and conclusions issued by the trial judge in this matter, the Petitioner [Wife] cannot demonstrate that her actions and positions were reasonable. Based upon the record in this case and the findings of the trial judge, the Court cannot find that the Petitioner is entitled to the award of any fees. To set a trial for fees in this matter would be an exercise in futility. In fact, the trial judge in this matter imposed sanctions pursuant to Family Code 271 against the Petitioner. In light of the other findings regarding the 'delusional' conduct on the part of the Petitioner, the Court would not award fees pursuant to the *Borson* Motion to be payable by the Respondent [Husband]. Nor will the Court entertain any motion which would in essence be an attempt to set aside the findings of the trial judge. . . . [¶] Accordingly, the relief requested is denied."

This appeal followed.

## DISCUSSION

■■■ The *Borson* order signed by Commissioner Clemens on June 12, 1995, provided that appellant be given notice of "all hearings, conferences and trials wherein attorneys fees and costs are in issue," and that no judgment be approved without opportunity for appellant to be heard regarding her fees. On September 24, 1996, Commissioner Clemens recused himself from hearing the matter of appellant's attorney fees pursuant to the *Borson* motion.

In direct violation of the terms of his own *Borson* order, and despite his self-recusal, Commissioner Clemens on October 1, 1996, addressed the "whole issue of attorney fees." Contrary to the *Borson* order, and without notice to appellant or opportunity for appellant to be heard, Commissioner Clemens proceeded to adjudicate an award of attorney fees for Wife's subsequent attorney, Blatt, and ordered Husband to pay those out of previously blocked funds. Wife's attorney, Blatt, had reminded Commissioner Clemens, "I thought we put that over to [a *Borson*] motion," but Husband's attorney, Cohn, and Commissioner Clemens insisted upon going forward. Ostensibly, according to Cohn, they were proceeding only "as to petitioner and respondent." Appellant was not present or represented at the hearing, but Commissioner Clemens referred to the prior period of representation by appellant and commented, "it's very hard to sort out . . . how much of the

responsibility lies at the feet of counsel [appellant] and how much lies at the feet of the petitioner [Wife] who has to take responsibility for her own beliefs or . . . claims or accusations that ended up to be utterly unfounded." Commissioner Clemens nevertheless concluded that he could adjudicate Wife's right to attorney fees, because "Ms. Wisotsky is the agent of the petitioner [Wife]." Commissioner Clemens then made findings that Wife should pay Husband $5,000 as a sanction under Family Code section 271 because of the unfounded allegations made while appellant was representing Wife. These findings were made without benefit of any appearance by appellant to argue on Wife's behalf. These findings were made despite the fact that Commissioner Clemens had recused himself from deciding any issue of attorney fees for appellant's services. Subsequently, despite Commissioner Clemens's self-recusal and failure to provide appellant an opportunity to be heard, Judge Montes gave conclusive effect to Commissioner Clemens's findings.

This series of errors and omissions requires reversal. The proceedings resulting in Commissioner Clemens's rulings were inconsistent with both the *Borson* order and Commissioner Clemens's disqualification, therefore Judge Montes should not have given them conclusive effect.

Commissioner Clemens, Husband's trial attorney, Cohn, and Judge Montes all apparently assumed that Commissioner Clemens's disqualification to rule on appellant's motion did not preclude Commissioner Clemens from ruling "against Wife," as distinguished from ruling against appellant "personally." We do not accept this distinction. According to *Borson* itself, the motion is made on behalf of the party, not the attorney, because the right to the award is the party's, not the attorney's. (*Borson, supra*, 37 Cal.App.3d at pp. 638 & fn. 5, 640; *In re Marriage of Berlin* (1976) 54 Cal.App.3d 547, 558, fn. 1 [126 Cal.Rptr. 746] (dis. opn. of Jefferson (Bernard), J.).)[3] Contrary to the conclusion reached below, this implies that a judicial officer who is disqualified from ruling on the motion because of bias against the attorney cannot rule on the motion indirectly by ruling against the party. The issues are too intertwined to permit such a splitting of the disqualification. (*Geldermann, Inc.* v. *Bruner* (1991) 229 Cal.App.3d 662, 665 [280 Cal.Rptr. 264] [having disqualified himself after reaching a tentative decision, the judge could not enter his findings and then confine the disqualification to "new matter"; the statutes (Code Civ. Proc., §§ 170-170.8) "do not permit limited, partial, or conditional recusal"].)

---

[3]Appellant's "standing" to pursue this appeal may be upheld by adhering to the theory of *Borson* itself, that appellant is acting "on behalf" of Wife. (Compare *Borson, supra*, 37 Cal.App.3d at pp. 636, 638, and *Schwartz* v. *Schwartz* (1959) 173 Cal.App.2d 455, 458 [343 P.2d 299], with *In re Marriage of Tushinsky* (1988) 203 Cal.App.3d 136 [249 Cal.Rptr. 611].)

A different judge should decide de novo, without regard to Commissioner Clemens's findings, whether Husband should pay any of Wife's obligation to appellant for attorney fees and costs incurred while appellant represented Wife. The hearing to be conducted is the hearing which Commissioner Clemens would have conducted, pursuant to his *Borson* order, had he not disqualified himself. Contrary to appellant's suggestion, we do not believe it is necessary or effective to attempt to "sanitize" the court file so as to hide from the new judge the events which have subsequently occurred. It is sufficient to instruct that, after providing notice and opportunity to be heard, the new judge shall determine the issue based upon the record as it existed on September 24, 1996, when Commissioner Clemens would have decided the issue had he not recused himself. As noted *ante,* page 378, at that time appellant had already submitted a lengthy declaration and exhibits in support of an award of fees, and Husband and Wife had each submitted opposition.

Appellant requests a "trial," but she and amicus curiae provide no persuasive reason or authority why this issue is not a "motion" matter, to be determined upon declarations and judicial notice pursuant to rules 323 and 1225, California Rules of Court, unless the new judge in his or her discretion allows oral testimony.[4] (*Borson, supra,* 37 Cal.App.3d at p. 636 ["motion" that the husband be ordered to pay the wife's attorneys]; *Armstrong* v. *Armstrong* (1947) 81 Cal.App.2d 322, 326-327 [183 P.2d 905] [award of attorney fees raised by motion on affidavits]; *Reifler* v. *Superior Court* (1974) 39 Cal.App.3d 479, 483-484 [114 Cal.Rptr. 356] [wife's motion for attorney fees could be determined on declarations, subject to trial court's discretion to allow oral testimony].)

The issue to be decided by the new judge is whether, pursuant to Family Code section 2030, Husband should be ordered to pay any of Wife's attorney fees and costs incurred while appellant represented Wife. ▮ The purpose of an award under Family Code section 2030 is to ensure that the party

---

[4]California Rules of Court, rule 323(a), provides in pertinent part, "Evidence received at a law and motion hearing shall be by declaration and affidavit and by request for judicial notice without testimony or cross-examination, except as allowed in the court's discretion for good cause or as permitted by local rule." Rule 1225(a), California Rules of Court, provides that with regard to an application for an order in family law proceedings, "[t]he court may grant or deny the relief solely on the basis of the application and responses and any accompanying memorandum of points and authorities . . . ." The Superior Court of Los Angeles County Rules, rule 9.14 references rule 323 and adds, "Without court permission, oral testimony is not allowed. If counsel believes a particular case justifies oral testimony, the statement required by CRC rule 323 must include an explanation as to why the evidence cannot be presented by a declaration or affidavit." The Superior Court of Los Angeles County Rules, rule 14.0 provides, "All Court rules are applicable to Family Law proceedings in all districts of the Court, unless excluded by California Rules of Court, rule 1201 et seq., or unless otherwise provided."

in need has adequate legal representation to litigate the family law issues. The court must take into account the relative circumstances of the parties including their respective needs, income, and assets. In determining whether the fees incurred were reasonable, the court may consider various factors including the nature of the litigation, its complexity, the amount involved, the financial circumstances of the parties, the legal skill involved, and whether counsel's skill and effort were wisely devoted to the expeditious disposition of the case. (*In re Marriage of Jovel* (1996) 49 Cal.App.4th 575, 588 [56 Cal.Rptr.2d 740]; *In re Marriage of Huntington* (1992) 10 Cal.App.4th 1513, 1523-1524 [14 Cal.Rptr.2d 1].) These factors will be determined de novo by the new judge, based on the record as of September 24, 1996. Contrary to the conclusion below, they cannot be predetermined by Commissioner Clemens's subsequent findings, because Commissioner Clemens made those findings when he was disqualified to act on appellant's motion and without giving appellant notice and an opportunity to be heard.

## Disposition

The order denying appellant a hearing on her motion for an award of fees is reversed and the cause is remanded for further proceedings consistent with the views expressed herein. Costs on appeal are awarded to appellant.

Hastings, J., and Curry, J., concurred.