[No. B151293. Second Dist., Div. Four. Apr. 4, 2002.]

In re the Marriage of LINDSEY D. and RANDOLPH C. READ.
LINDSEY D. READ, Respondent, v.
RANDOLPH C. READ, Appellant;
FREID AND GOLDSMAN, Respondent.

## COUNSEL

Randolph C. Read, in pro. per., for Appellant.

No appearance for Respondent Lindsey D. Read.

Freid and Goldsman and Gary J. Cohen for Respondent Freid and Goldsman.

## OPINION

**EPSTEIN, Acting P. J.**—Randolph C. Read appeals an order by the trial court requiring him to pay fees to the former attorneys for his ex-wife, Lindsey D. Read, in their dissolution proceeding. He contends that Lindsey Read had discharged the law firm and withdrawn the motion for an award of fees before the trial court ruled, depriving the court of jurisdiction over the case. We conclude the trial court erred in granting the motion under these circumstances and reverse.

### FACTUAL AND PROCEDURAL SUMMARY

The Reads were married in October 1992. Lindsey filed for legal separation on November 13, 2000 with a request for legal fees. On February 1,

2001, Lindsey's then attorney, Laura Wasser of Wasser, Cooperman & Carter, filed a motion for fees and costs pursuant to *In re Marriage of Borson* (1974) 37 Cal.App.3d 632 [112 Cal.Rptr. 432]. The same day, the law firm of Freid and Goldsman filed an association of counsel on behalf of Lindsey. In a declaration in support of the motion for fees, Laura Wasser explained that her firm was no longer going to represent Lindsey in the proceedings. The Wasser firm substituted out of the case.

Freid and Goldsman represented Lindsey at a hearing on the order to show cause re fees and costs on March 23, 2001. Retired Commissioner Jill S. Robbins had been selected to preside over the case as a private judge by stipulation of the parties.[1] The judge took the issue of fees under submission. At the hearing, for the first time, Lindsey learned that Freid and Goldsman had told Randolph's attorneys that they planned to challenge the prenuptial agreement. Apparently this was contrary to Lindsey's instructions. On March 27, 2001 Lindsey ordered Freid and Goldsman to withdraw the OSC (order to show cause) before the judge could rule on it.

On March 29, 2001, Lindsey discharged Freid and Goldsman and ordered the firm to cease all work on her behalf. Freid and Goldsman confirmed this conversation in a letter to Lindsey. On March 30, 2001, Lindsey faxed a substitution of attorney form to Freid and Goldsman, removing that firm from the case and substituting herself in propria persona. Lindsey faxed the substitution of attorney form to Commissioner Robbins on March 30, 2001, with a cover letter informing the judge that she would be representing herself in propria persona. The same transmission included a notice from Lindsey that she was withdrawing her OSC re fees and costs and the *Borson* motion.

The record does not reflect whether the judge personally received the March 30, 2001 transmissions from Lindsey. On April 2, 2001, the judge issued an order on the OSC and *Borson* motion. In a facsimile cover letter, the judge informed counsel and Randolph that she had received substitution of attorney forms on behalf of *Randolph*, discharging his counsel. The order directed: "Mr. Read: Anything you send to me must be copied to Mr. Freid as long as he is counsel for Lindsey Read." But no mention was made of Lindsey's discharge of Freid and Goldsman.

In the April 2, 2001 order, the judge directed Randolph to pay Freid and Goldsman $12,500 without prejudice to a further award. The order stated: "This Order is effective forthwith with no further notice required. A copy of this Order has been faxed as of this date to Respondent, in propria persona and to Mr. Freid and Ms. Wasser. [¶] Should either party wish an order to be

---

[1] We refer to Commissioner Robbins by name and title, or as the judge.

filed with the Los Angeles Superior Court, he or she may prepare one and submit it to the opposing party for signature and then to the undersigned for signature and filing."

The same day, Freid signed the substitution of attorney form, which was filed in the superior court on April 3, 2001. On the same day, Lindsey again wrote to Freid and Goldsman, reiterating that she had discharged them. She instructed the firm to cease communication with the court on her behalf and warned that any effort to act further on her behalf would be contrary to her instructions. Lindsey demanded that the substitution of attorney be signed and returned to her that day. The same day, Freid and Goldsman wrote to Lindsey, confirming that all work on her behalf had ceased and that the substitution of attorney had been sent to the court for filing.

Despite this correspondence, the next day, April 4, 2001, Fried and Goldsman sent Commissioner Robbins an attorney order reflecting the award of fees to the firm. Freid and Goldsman characterized themselves as counsel for petitioner (Lindsey) in this proposed order. While there was a blank line for Randolph Read's signature, no signature line for Lindsey was included.

On April 8, 2001, Commissioner Robbins faxed a notice to Randolph advising him to forward any objections to Freid and Goldsman's order on the fee award by April 11, 2001. Randolph and Lindsey faxed a joint letter to Commissioner Robbins on April 10, 2001. They objected to the proposed order from Freid and Goldsman on the ground that the law firm was not a party to the proceeding. They cited the judge's April 2d order inviting *the parties* to prepare an order. The judge was informed that Freid and Goldsman no longer represented Lindsey, had not represented her since March 30, 2001, and that the firm had no right to file the proposed order. Lindsey and Randolph said that neither of them requested or authorized the preparation of the order submitted by Freid and Goldsman. They asked the judge to disregard the proposed order.

The next day, Commissioner Robbins signed the order submitted by Freid and Goldsman. She wrote to Lindsey and Randolph, explaining: "Because the Order for attorney fees directly involves former counsel, the firm has the right to prepare a formal order, the last paragraph of my April 2 memo notwithstanding. I have signed that Order and forwarded it to Freid and Goldsman for filing. For your reference, when either of you direct correspondence to me which refers to matters involving your former counsel they must receive copies. My personal ethics requires me to forward copies when it appears they have not been included and I am doing so in this case

concerning the April 10 letter consisting of 2 pages." Randolph filed a timely appeal from the order.

## DISCUSSION

The firm of Freid and Goldsman has filed a brief on appeal, purportedly on behalf of respondent Lindsey. At oral argument, the attorney who appeared for that firm repeated the assertion that the firm was representing Lindsey. But as we have seen, the firm had been discharged by Lindsey, who directed it to cease all work on her behalf. More importantly, Lindsey informed the judge that she opposed the signing of the fee order which Freid and Goldsman seek to uphold in this appeal. Freid and Goldsman can no longer be considered to be representing Lindsey. Nevertheless, we recognize its standing, in its own right, to argue in support of the trial court's fee order. We therefore construe respondent's brief as on behalf of Freid and Goldsman only, rather than on behalf of Lindsey.

█ The judge awarded fees to Freid and Goldsman pursuant to Family Code section 2030. That statute continues former Civil Code section 4370, subdivision (a) without substantive change. (Cal. Law Revision Com. com., 29C West's Ann. Fam. Code (1994 ed.) foll. § 2030, p. 457.) █ The court in *In re Marriage of Tushinsky* (1988) 203 Cal.App.3d 136 [249 Cal.Rptr. 611], clarified the issue of the right to fees under former Civil Code section 4370: "It is well settled that the right to attorney's fees and costs under [former] Civil Code section 4370 belongs to the client spouse and accrues to the benefit of the attorney only indirectly. Moreover, the right to such fees and costs belongs to the spouse to whom they were awarded, not to the attorney, even if the award is made directly payable to the attorney. [Citations.] The right of an attorney to recover attorney's fees cannot be invoked in the dissolution action itself. Instead, the attorney must institute an independent action against the client to recover attorney's fees on his or her own behalf." (*In re Marriage of Tushinsky, supra*, 203 Cal.App.3d at p. 142.)

The Freid and Goldsman firm relies on *In re Marriage of Borson, supra*, 37 Cal.App.3d 632. In *Borson*, a dissolution action, counsel for the wife brought a motion on her behalf for an award of fees to be paid directly to them by the husband. At the same time, the attorneys filed a motion for permission to withdraw as the wife's attorneys. The motion for fees was made *after* the wife had discharged her attorneys and without her authority. The *Borson* court concluded that the attorney-client relationship terminated upon the discharge of the attorneys, "for all purposes except the winding-up of the relationship." (*Id.* at p. 637.) The winding-up included the request for fees and the discharge as the attorneys for the wife. The Court of Appeal

held that notwithstanding the wife's discharge of the attorneys, as her agents they had implied authority to file the motion on her behalf for an order requiring husband to pay her attorney's fees. (*Ibid.*)

*Borson* is distinguishable. Here, as we have discussed, Lindsey filed a notice with the court withdrawing the fee request. She also specifically objected to the judge's signing of the order for fees prepared by Freid and Goldsman. Because the wife in *Borson* had requested fees in her dissolution petition, the court held "that her attorneys reasonably believed that, notwithstanding their discharge, they, as her attorneys of record, had implied authority from her to file for her this motion for additional fees and costs. They remained her attorneys in the dissolution proceeding until one or the other requirements of Code of Civil Procedure section 284, had been satisfied." (*In re Marriage of Borson, supra*, 37 Cal.App.3d at p. 638, fn. omitted.) Section 284 of the Code of Civil Procedure governs substitution of attorneys. It provides that the substitution is effective upon " 'consent of both client and attorney, *filed with the clerk, or entered upon the minutes*' " or upon court order. (*Borson*, at p. 638, fn. 6, italics added.) Neither condition was satisfied in *Borson*. But here, the substitution of attorney form had been signed by Freid and Goldsman and by Lindsey and was filed with the court more than a week before the judge signed the order awarding fees on April 11, 2001. Unlike *Borson*, there was no basis upon which Freid and Goldsman could reasonably believe it had implied authority to pursue the attorney's fee award on Lindsey's behalf after she had discharged the firm and instructed it to take no further action on her behalf.

Thus, we conclude that *Borson* is not controlling. Freid and Goldsman had no right to file the proposed fee order with the judge after their discharge and substitution out of the case. They had no standing to go against Lindsey's express wishes by pursuing that order.[2]

*Meadow v. Superior Court* (1963) 59 Cal.2d 610 [30 Cal.Rptr. 824, 381 P.2d 648] is closer to our facts. In that case, the wife in a divorce proceeding

---

[2]In a petition for rehearing, Freid and Goldsman cite our opinion in *In re Marriage of Kelso* (1998) 67 Cal.App.4th 374 [79 Cal.Rptr. 2d 39], stating that we ordered a new hearing on a *Borson* fee motion by the wife's former attorney despite the wife's opposition. In *Kelso*, the issue was the effect of findings by a commissioner on the *Borson* motion despite the fact that the commissioner had disqualified himself from the fee issue. We reversed the trial court's denial of a motion for a new hearing on fees, holding that the trial court should not have relied on the commissioner's findings. We remanded for a new hearing before a new judge for a de novo determination of the issue of fees. (*Id.* at p. 377.) In a footnote, we observed: "Appellant's [the former attorney for wife] 'standing' to pursue this appeal may be upheld by adhering to the theory of *Borson* itself, that appellant is acting 'on behalf' of Wife. (Compare *Borson, supra*, 37 Cal.App.3d at pp. 636, 638, and *Schwartz v. Schwartz* (1959) 173 Cal.App.2d 455, 458 [343 P.2d 299], with *In re Marriage of Tushinsky* (1988) 203 Cal.App.3d 136 [249 Cal.Rptr. 611].)" (*Kelso, supra*, 67 Cal.App.4th at p. 383.) The issue in *Kelso* was not the propriety of proceeding with the *Borson* motion over the wife's opposition.

discharged her attorneys, who then refused to agree to a substitution of attorneys. The husband and wife reconciled and directed their counsel to dismiss the divorce proceedings. The trial court granted a motion for leave to file a complaint in intervention by wife's former attorneys. They sought payment of fees pursuant to an earlier order by the court. The Supreme Court held: " '[I]t is only the party who has the right to apply for an award of attorney's fees and section 137.3 and 137.5 [of the former Civil Code] do not give the attorney for a party, *either before or after any discharge of his services* by his client, the right to make a motion in his own behalf for an award of such fees . . . and *the trial court is without jurisdiction to . . . proceed with such motion or to make any award thereunder.*' " (*Id.* at p. 616, quoting *Marshank v. Superior Court* (1960) 180 Cal.App.2d 602, 607-608 [4 Cal.Rptr. 593], italics added.)

The *Meadow* court reiterated that the remedy of a discharged attorney is a separate action against the client rather than a motion in the pending family proceeding. (*Meadow v. Superior Court, supra,* 59 Cal.2d at p. 616.) It held that it is immaterial that the client seeks a substitution of attorney in order to dismiss the action to the detriment of the original counsel. (*Id.* at pp. 616-617.) "The right of the wife's attorney in counsel fees awarded to her is not such as to entitle him to prevent a substitution of attorneys, any more than it permits him to intervene in the divorce suit." (*Id.* at p. 617.)

Freid and Goldsman rely on the April 2 order by the judge. That order was not final in that it invited the filing of a formal order by the *parties*. The judge erred in signing the formal order awarding Freid and Goldsman fees to be paid by Randolph. Freid and Goldsman's remedy is an action against Lindsey for their fees. Naturally, we express no opinion on the merits of the fee entitlement issue.

DISPOSITION

The order is reversed. Each side is to bear its own costs on appeal.

Hastings, J., and Curry, J., concurred.

A petition for a rehearing was denied May 2, 2002, and the opinion was modified to read as printed above.