[No. D047470. Fourth Dist., Div. One. July 21, 2006.]

In re the Marriage of DEBRA ERICKSON and DENNIS SIMPSON.
DEBRA ERICKSON, Respondent, v.
DENNIS SIMPSON, Appellant;
PHILLIPS, LERNER, LAUZON & JAMRA, LLP, Respondent.

 

**COUNSEL**

Stephen Temko for Appellant.

No appearance for Respondent Debra Erickson.

Phillips, Lerner, Lauzon & Jamra, Marc Lerner and Peter A. Lauzon for Respondent Phillips, Lerner, Lauzon & Jamra.

**OPINION**

**HALLER, J.**—Dennis Simpson appeals from an order requiring him to pay attorney fees directly to the law firm of Phillips, Lerner, Lauzon, & Jamra (Phillips), which previously represented his former wife, Debra Erickson, in their dissolution proceedings. The award to Phillips was premised on its motion for fees under *In re Marriage of Borson* (1974) 37 Cal.App.3d 632 [112 Cal.Rptr. 432] (*Borson*) (commonly known as a "*Borson* motion"). *Borson* allows a discharged attorney to pursue a request for direct fee payment from the former client's spouse if the request is expressly or impliedly authorized by the former client. Simpson argues the trial court had no jurisdiction to make the award because an attorney substitution form, replacing Phillips with new counsel, had been filed before the trial court ruled on Phillips's fee request. We reject his argument and affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2004, Erickson, represented by Phillips, filed a petition to dissolve her marriage to Simpson. Sometime after, Erickson and Phillips apparently agreed that Phillips would no longer be Erickson's counsel. On December 17, 2004, Phillips filed a *Borson* motion on behalf of Erickson requesting that $90,407 in attorney fees and costs incurred by Erickson be paid by Simpson directly to Phillips. A declaration signed by Erickson was attached to Phillips's motion for fees, in which Erickson stated she had "requested and join[ed] in this Borson motion for an award of fees and costs to be paid directly by [Simpson] to [Phillips] in the amount of $90,407.33." A hearing on the *Borson* motion was set for February 2, 2005.

On December 30, 2004, Phillips filed a substitution of attorney form on behalf of Erickson, wherein Phillips and Erickson agreed that James Hennenhoefer would replace Phillips as Erickson's counsel.

After several continuances, on August 23, 2004, a hearing was held on Phillips's *Borson* motion. At the hearing, Simpson, citing *In re Marriage of*

*Read* (2002) 97 Cal.App.4th 476 [118 Cal.Rptr.2d 497] (*Read*), argued that the trial court had lost jurisdiction over the motion because Phillips had been formally substituted out as counsel of record for Erickson before the motion was heard. The trial court rejected Simpson's jurisdiction argument, and ordered Simpson to pay $50,000 in attorney fees to Phillips.

## DISCUSSION

■ When a family law court orders one spouse to pay the other spouse's attorney fees, Family Code section 272, subdivision (a), authorizes the court, in its discretion, to order that the fees be paid directly to the attorney. However, when the attorney's representation of the spouse ceases before an attorney fees order is made, there are limits on the trial court's power to make an order payable to the attorney rather than the spouse. Three key cases discuss a former attorney's right to pursue an order for direct fee payment from the former client's spouse. (*Meadow v. Superior Court* (1963) 59 Cal.2d 610 [30 Cal.Rptr. 824, 381 P.2d 648] (*Meadow*); *Borson, supra*, 37 Cal.App.3d 632; and *Read, supra*, 97 Cal.App.4th 476.) As we shall explain, these decisions establish that the pivotal factor governing a trial court's jurisdiction to award a direct fee payment is whether the former client authorized the former attorney to make the fee request on the former client's behalf. Here, the record shows Phillips's request for direct fee payment was made while it was still attorney of record and with Erickson's express authorization. We conclude there was no jurisdictional barrier to the trial court's award.

In *Meadow*, the California Supreme Court held that a trial court had no jurisdiction to allow a wife's former attorneys to pursue a motion or intervene in dissolution proceedings for purposes of securing payment of attorney fees by the husband. (*Meadow, supra*, 59 Cal.2d at pp. 612, 617.) Before the wife discharged her attorneys, the trial court ordered the husband to pay $7,500 of the wife's fees to her attorneys. Thereafter, the husband and wife, without the concurrence of the wife's attorneys, reached a property settlement agreement providing the husband would not be liable for more than $7,500 of the wife's attorney fees. The wife's attorneys refused to sign the agreement; accordingly, the wife discharged them and immediately employed new attorneys. While refusing to sign a consent to a substitution of attorneys, the wife's former attorneys filed a motion seeking an additional attorney fees award. The day after the former attorneys filed their motion for additional fees, the wife's new attorneys filed a motion for substitution of counsel. (*Id.* at pp. 612–613.)

The *Meadow* court held that although a trial court has discretion to order a husband to pay attorney fees directly to a wife's attorneys, the fees " ' "are granted to the wife for her benefit and are not awarded to her attorney. . . . A

wife's attorney has no separate equity in counsel fees awarded to her. [The attorney's] right thereto is derived from his client." ' " (*Meadow, supra,* 59 Cal.2d at pp. 615–616.) The *Meadow* court emphasized that only the wife had the right to apply for attorney fees, and the attorney did not have, " 'either before or after any discharge of his services by his client, *the right to make a motion in his own behalf for an award of such fees . . .* and the trial court is without jurisdiction to . . . proceed with such motion or to make any award thereunder.' " (*Id.* at p. 616, italics added.) Thus, the attorney was required to seek compensation from the wife in an independent action, and not by application in the dissolution action. (*Ibid.*) Based on its holding, the *Meadow* court issued a writ of prohibition to restrain the trial court "from further proceeding *on a motion by an attorney as distinguished from a party,* for an award of attorney fees." (*Id.* at p. 617, italics added.)

In *Borson, supra,* 37 Cal.App.3d 632, the appellate court distinguished *Meadow* and concluded that under the circumstances before it, there was no jurisdictional barrier to the wife's former attorneys' motion to obtain payment of fees from the husband. In *Borson,* prior to the discharge of the wife's attorneys, the court ordered the husband to pay a specific sum of the wife's fees directly to her attorneys. (*Id.* at p. 635.) After their discharge, and without obtaining any express authority from the wife, the wife's former attorneys filed motions on her behalf requesting that the husband be directed to pay them additional fees and requesting permission to withdraw from the case. (*Id.* at p. 636.) The trial court granted permission to withdraw, substituted the wife in propria persona, and postponed consideration of the attorney fees motion until trial or settlement of the remaining issues. Thereafter, the wife substituted in new counsel and the case was settled. The trial court then ruled on the attorney fees motion filed by the former attorneys, ordering the husband to pay a portion of the wife's additional fees owed to her former attorneys. (*Id.* at pp. 634, 636–637.)

The *Borson* court rejected the husband's argument that the trial court had no jurisdiction to order that he pay additional fees to the wife's former attorneys because the fees had been requested after the attorneys had been discharged. (*Borson, supra,* 37 Cal.App.3d at p. 637.) The court reasoned that after the discharge the attorneys continued to represent the wife for purposes of winding up the relationship, which included making the attorney fees motion on her behalf, and obtaining the formal change in representation. (*Ibid.*) The court noted that although the attorneys had been discharged when

they requested the fees, there had not yet been a substitution of representation, and "[i]n the interval between the discharge and substitution of representation, [the wife's] attorneys, *as her attorneys of record*, alone could appear in court for her and continued as her only attorneys in the proceeding." (*Ibid.*)[1]

The *Borson* court concluded the discharged attorneys had the implied authority to file a motion on the wife's behalf seeking the husband's payment of the additional fees owed to them. (*Borson, supra,* 37 Cal.App.3d at p. 637.) The court distinguished *Meadow* on the basis that in *Borson*, the wife made no objection to the request for fee payment by the husband at the time the discharged attorneys filed their motion for fees. (*Id.* at pp. 637–638.) The *Borson* court observed that the wife's objection surfaced only at the time the attorney fees motion was *heard*. (*Ibid.*) However, her earlier failure to object led her former attorneys to believe that they had the authority to act on her behalf in pursuing the fee request. (*Id.* at pp. 638–639.) Given the wife's acquiescence in the attorney fees motion at the time it was made by the former attorneys, the *Borson* court construed the motion as having been brought on behalf of the wife, and held the trial court had jurisdiction to make the award. (*Ibid.*)

In the third case addressing this jurisdictional issue, *Read, supra,* 97 Cal.App.4th 476, the appellate court concluded the circumstances were akin to *Meadow* and not to *Borson*. In *Read*, the wife discharged her attorneys, ordered them to withdraw a pending order to show cause for attorney fees and to cease all work on her behalf, and faxed a form substituting herself in propria persona to her attorneys and to the trial court. In her fax to the trial court, the wife advised the court she was withdrawing her order to show cause for attorney fees, which had already been heard and taken under submission by the court for ruling. (*Read, supra,* 97 Cal.App.4th. at p. 478.) It was not clear whether the judge personally received the wife's fax; in any event, the court rendered a ruling ordering the husband to pay attorney fees to the wife's former attorneys. (*Ibid.*) The day after the court's ruling awarding fees, the former attorneys filed the wife's in propria persona substitution form in superior court. (*Id.* at p. 479.) Thereafter, over the wife's strenuous objection, the former attorneys continued to pursue the fee award by filing a proposed order for fees, and the court signed the proposed order. (*Ibid.*)

The *Read* court concluded that, unlike the situation in *Borson*, there was no basis upon which the wife's former law firm "could reasonably believe it had implied authority to pursue the attorney's fee award on [wife's] behalf after she had discharged the firm and instructed it to take no further action on her

---

[1] Formal substitution of counsel requires either a consent by the discharged attorney and the client filed with the court, or a court order after noticed motion. (Code Civ. Proc., § 284.)

behalf." (*Read, supra*, 97 Cal.App.4th. at p. 481.) The *Read* court noted that the wife had filed a notice with the trial court withdrawing the fee request; the wife had specifically objected to the trial court's signing of the fee order prepared by her former attorneys; and the substitution of attorney form had been signed and filed before the trial court signed the order awarding fees. (*Ibid.*) The court concluded that the former attorneys had "no standing to go against [the wife's] express wishes by pursuing" the order awarding fees. (*Ibid.*)

The pivotal inquiry in *Meadow, Borson,* and *Read* was whether the fee request pursued by the discharged attorneys was legitimately made on behalf of the former client *with the former client's approval.* Because the right to have fees paid belongs to the party, not to counsel, the party must expressly or impliedly authorize a discharged attorney to pursue a motion requesting fee payment on the party's behalf for the trial court to have jurisdiction over the motion. In contrast, a party's failure to convey this authorization is fatal to the court's power to rule. In *Meadow* and *Read,* the former attorneys were acting against each wife's wishes when they pursued the request for payment of fees by the husband. In contrast, in *Borson,* the court concluded the wife had implicitly given her former attorneys the authority to wind up the relationship, including pursuit of the fee request.

Here, Erickson authorized the fee request by Phillips. She expressly joined in the *Borson* motion, stating she wanted Simpson to pay Phillips's fees directly to Phillips.

Simpson argues that the trial court had no jurisdiction to order payment to Phillips because Erickson's substitution of attorney form had been filed before the court *ruled and signed* the order on the *Borson* motion. The argument is unavailing. Phillips *filed* the fee request before the substitution form was filed; thus it was still Erickson's attorney of record when it invoked the court's jurisdiction. A close reading of *Borson* shows that it is in the same factual posture as the instant case; i.e., the discharged attorneys filed the attorney fees motion *before* the substitution, and the ruling on the motion occurred *after* the substitution. (*Borson, supra,* 37 Cal.App.3d at pp. 636–637.) The trial court had the power to rule on the request because Phillips was legitimately representing Erickson pursuant to her authorization. As in *Borson,* the fact that the ruling on the motion and the signing of the order occurred after the substitution did not deprive the trial court of jurisdiction.

▪ We note that in *Read,* the court did cite to the fact that the substitution form was filed before the court *signed* the order awarding fees; however, this was just one of the circumstances considered by the court when

evaluating whether the discharged attorneys had the wife's authorization to pursue the fee request. (*Read, supra,* 97 Cal.App.4th at p. 481.) *Read* does not establish that a court has no jurisdiction over a fee request filed by a discharged attorney *who is still attorney of record and who pursues the fee request with the client's authorization.*

■ The record shows that after the decision was made that Phillips would no longer be Erickson's counsel, Erickson expressly indicated that she wanted Phillips to file and pursue a *Borson* motion on her behalf requesting that Simpson pay Phillips the fees she owed the firm. Phillips filed the motion while still attorney of record, and pursued the motion as requested by Erickson. Contrary to Simpson's assertion, Erickson's signing of a formal substitution of attorney form does not suggest that she was withdrawing her express consent to Phillips's fee request. The trial court had jurisdiction to make the order requiring Simpson to pay fees to Phillips.

## DISPOSITION

The order is affirmed. Appellant to bear respondents' costs on appeal.

McConnell, P. J., and McDonald, J., concurred.